Messrs. M. Levy and J. B. M'Kean, *pro quer.*
Messrs. Ingersoll and Porter, *pro def.*

---

RESPUBLICA *against* PATRICK DONAGAN and FRANCIS COX.

Yeates<br>2 Y    437<br>28 SC   403

Surety for the good behaviour may be ordered by the court after acquittal of a prisoner in such sum and for such length of time, as the public safety requires.

ON a *certiorari* directed to the justices of Oyer and Terminer of Dauphin county, it was returned, that on the 17th June 1798, the prisoners had been tried as accessaries before the fact to the murder of Francis Shitz, and had been found not guilty by a jury of the country. And that the court by separate rules, had ordered, that each of them should give security to keep the peace, and be of good behaviour to all the liege citizens of the United States, and in particular to Peter Shitz, for the term of fourteen years, each in the sum of 10,000 dollars and two good sureties in 10,000 dollars each.

There was strong reason to believe that the prisoners had been concerned in a most horrid murder, though there was not sufficient evidence to convict them of the crime. The court directed them to give the above security, under the firm opinion, that they were persons of most dangerous character, and not, being able to give the security, they had remained in gaol. Application had been made to the court, who refused to take off or moderate the bail, and referred them to this court. Application was also made to Yeates and Smith justices, at the last Nisi Prius, at Harrisburgh, on their behalf, but they conceived they had no authority to interpose, and only directed the sheriff that every office of humanity should be shown to them, consistent with their safe keeping.

Mr. Hopkins now moved for their enlargement. They had undergone a trial and had been acquitted, and were therefore entitled to be discharged. The orders of the court would operate on them as sentences of imprisonment for life, it being wholly out of their power to procure the security required. By the 13th section of the 9th article of the constitution, " excessive bail shall not be required, nor excessive fines imposed, nor cruel punishments inflicted."

*Sed per cur.* The court before whom the trial was had, under their general authority to preserve the peace, had a right to require such bail and for such a length of time, as they judged would best answer the ends of public justice. No doubt can be entertained of it. And it would be highly improper for us to interfere, in a matter wherein they have exercised their legal discretion. Unsafe would the community be, if such characters could prowl at large through the country, without a sufficient tie on them.

Motion denied.*

The prisoners afterwards broke gaol and escaped.

* Surety for the good behaviour ordered by the court after acquittal. Comb. 40. 2 Hawk. 442.

One may be bound with sureties for his good behaviour even during life. Cro. Car. 332, 378. 2 Stra. 834. 1 Hawk. 106, 129.

Surety of the peace may be demanded for any number of years that the public safety requires. It is discretionary in the court. 1 Term Rep. 700.