# Commonwealth *v.* Andrews, Appellant.

*Constitutional law—Police power—Oleomargarine—Restraining order—Quarter sessions—Act of May 29, 1901, sec. 1, P. L. 327—Equity—Trial by jury.*

Section 9 of the Act of May 29, 1901, P. L. 327, conferring jurisdiction upon the court of quarter sessions to issue a restraining order enjoining a defendant from further selling oleomargarine without a license, is a constitutional exercise on the part of the legislature of the police power of the state. The proceeding authorized by the section is in no way equitable in character, and such as should be within the jurisdiction in equity vested in the court of common pleas.

No question of the right of trial by jury arises in such a proceeding, and even if there were, there is nothing in the constitution which prohibits the legislature from declaring new offenses and defining the mode by which the guilt of persons accused thereof may be determined.

Argued Dec. 17, 1903. Appeal, No. 169, Oct. T., 1903, by defendant, from order of Q. S. Phila. Co., March T., 1903, No. 724, restraining defendant from further violating the oleomargarine act in case of Commonwealth v. W. N. Andrews. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to restraining order. Before BREGY, J.

From the record it appeared that W. N. Andrews, the defendant, was arrested on a warrant charging him with the sale of oleomargarine without a license, in violation of the Act of May 29, 1901, P. L. 327. He was held for court, and on April 3, 1903, the grand jury found a true bill. On May 7, 1903, an agent of the dairy and food commissioner filed a petition in the court of quarter sessions of Philadelphia county, wherein the indictment had been found, alleging that subsequent to the commencement of said criminal proceedings the defendant had again violated the act by selling oleomargarine without a license, and praying for the issuance of a restraining order enjoining the defendant from further violating the provisions of the act. The court granted a rule on the defendant to show cause why the order should not be made, and after hearing and argument, on June 24, 1903, made the rule absolute and issued the injunction. Exceptions were filed to said decree, which excep-

tions were dismissed and the decree confirmed, and this appeal was taken.

*Error assigned* was the order of the court.

*Joseph M. Smith,* with him *John L. Burns,* for appellant.— The court of quarter sessions has no jurisdiction to grant relief in the nature of a restraining order or injunction : Sparhawk v. Union Pass. Ry. Co., 54 Pa. 401 ; Debs's Case, 158 U. S. 564 (15 Super. Ct. Rep. 900) ; Campbell v. Schofield, 3 Pitts. 443.

The act of May 29, 1901, in so far as it authorizes the granting of a restraining order is in violation of the constitution of the state of Pennsylvania : Com. v. Perkins, 124 Pa. 36 ; North Penna. Coal Co. v. Snowden, 42 Pa. 488 ; Haines's App., 73 Pa. 169 ; Tillmes v. Marsh, 67 Pa. 507 ; Littleton v. Fritz, 65 Iowa, 488 (22 N. W. Repr. 641) ; Eilenbecker v. Plymouth County District Court, 134 U. S. 31 (10 Super. Ct. Repr. 424) ; State v. Sanders, 66 N. H. 39 (25 Atl. Repr. 588) ; Carleton v. Rugg, 149 Mass. 550 (22 N. E. Repr. 55) ; Health Dept. v. Purdon, 99 N. Y. 237 (1 N. E. Repr. 687) ; Cranford v. Tyrrell, 128 N. Y. 341 (28 N. E. Repr. 514).

*Charles L. Brown,* with him *Thad. L. Vanderslice,* for appellee.—There being no restraint on the legislature by the constitution in providing for criminal procedure, it has omnipotent power to provide any procedure that it may think proper for the prevention and punishment of crime : People v. Windholz, 68 App. Div. Rep. 552 (74 N. Y. Supp. 241).

The violation of a constitutional provision must be clear and such as to leave no doubt or hesitation in the judicial mind : Sharpless v. Mayor of Philadelphia, 21 Pa. 147 ; Craig v. First Presbyterian Church, 88 Pa. 42 ; Commonwealth v. Beatty, 15 Pa. Superior Ct. 5 ; Cooley's Constitutional Limitations, 175 ; Commonwealth v. Mintz, 19 Pa. Superior Ct. 283 ; Commonwealth v. Keary, 14 Pa. Superior Ct. 583.

There is nothing to forbid the legislature to create a new offense and to prescribe what mode they please of ascertaining the guilt of those who are charged with it. Many tribunals, unknown to the framers of the constitution, and not at all resembling a jury, have been elected and charged with the de-

termination of grave and weighty matters: Irwin v. Irwin, 34 Pa. 525 ; 17 Legal Int. 116 ; Van Swartow v. Com., 24 Pa. 131 ; Com. v. Hazen, 20 Pa. Superior Ct. 487 ; Com. v. Waldman, 140 Pa. 89.

OPINION BY HENDERSON, J., March 14, 1904:

The defendant was indicted for the sale of oleomargarine without a license in violation of the Act of May 29, 1901, P. L. 327. Before the trial of the defendant an agent of the dairy and food commissioner filed a petition in the court of quarter sessions of Philadelphia county alleging that subsequently to the commencement of said criminal proceeding the defendant had again violated the act of assembly by selling oleomargarine without a license, and praying that the court issue a restraining order enjoining the defendant from further violation of the statute as provided for in section 9 thereof. The court granted a rule on the defendant to show cause why the order should not be made, and, after a hearing, the rule was made absolute.

The defendant excepts to the order of the court on two grounds :

First, because the court of quarter sessions has not jurisdiction to grant relief in the nature of a restraining order; and second, that the act is in violation of the constitution of the state in so far as it authorizes the court to grant such an order.

1. Unless the first objection is involved in the second, the appellant's contention is untenable for, by the very terms of the act of May 29, 1901, the court of quarter sessions is invested with jurisdiction to make the order complained of. Judicial power is vested in the court of quarter sessions by section 1 of article 5 of the constitution, but the jurisdiction of the court is not defined therein. Its jurisdiction is fixed by the common law and the statutes declaring its powers. It is clearly within the power of the legislature to enlarge or restrict that jurisdiction. Unless therefore some limitation of the power of the legislature to confer jurisdiction is found in the constitution, the section of the act referred to is not invalid for the reason that it vests in the court of quarter sessions power to issue a restraining order to prevent the commission of a misdemeanor.

.2. The second objection is based upon the assumption that the proceeding complained of is equitable, and that jurisdiction in equity is vested in the court of common pleas, and that such jurisdiction is exclusive. The assumption that the proceeding complained of is equitable leads to an erroneous conclusion. The statute was enacted under the police power of the commonwealth for the preservation of the public health and the prevention of fraud on the public. This power, as was said in Bartemeyer v. Iowa, 85 U. S. 129, " extends to all regulations affecting the health, good order, morals, peace and safety of society, and under it all sorts of restrictions and burdens are imposed, and, when these are not in conflict with any constitutional prohibitions or fundamental principles, they cannot be successfully assailed in a judicial tribunal."

It was held in Jacob's Case, 98 N. Y. 98, that "generally it is for the legislature to determine what laws and regulations are needed to protect the public health and secure the public comfort and safety, and when its measures are calculated, intended, convenient and appropriate to accomplish these ends, the exercise of its discretion is not subject to review by the courts."

On the subject of this power it was said in Commonwealth v. Bearse, 132 Mass. 542, "The legislature is largely the judge of its own powers with reference to these matters."

The promotion of the public morals and public health is a chief function of government to be exercised at all times as occasion may require. The method by which the result may be accomplished depends upon the circumstances of the particular case, and the largest legislative discretion is allowed: Boston Beer Co. v. Massachusetts, 97 U. S. 25.

The agencies to care for the public interests in these respects are created by the people in their sovereign capacity, and are authorized to exercise their power according to their discretion within the limits of their general authority: Stone v. Mississippi, 101 U. S. 814 ; Powell v. Commonwealth, 114 Pa. 265.

The remedy provided by the 9th section of the statute is not a proceeding in equity, nor would the facts in legislative view give jurisdiction in equity. The remedy provided is in consonance with the principle of preventive justice, which had early recognition in the common law, and which was said by a

distinguished authority to be "preferable in all respects to punishing justice : " 4 Bl. Com. chap. 18.

By the statute of 34 Edward III, chap. 1, magistrates were authorized to bind over persons not of good fame not only to keep the peace but also for good behavior, and to commit to jail in default of bail, and the words of the statute have been held to apply to many classes of persons guilty of criminal misbehavior, among which are cheats. This statute is in force in this state, 3 Binn. 612.

It is not necessary that a criminal charge be preferred in order that security for good behavior may be demanded, and even after an acquittal on an indictment the trial judge may on the evidence presented on the trial require the defendant to give bail for good behavior, and commit to jail for noncompliance with the order : Bamber v. Commonwealth, 10 Pa. 339.

In principle and purpose the proceeding authorized by the act of 1901 is not different from that provided for by the statute of 34 Edward III, or the surety of peace provision of the crimes act of 1860. No questions of property are involved in the proceeding, nor is the appellant deprived of any right secured to him by the constitution or laws of the commonwealth. He is in effect put under pledges to well behave with respect to conduct in violation of a criminal statute, and the learned judge had authority on cause shown to make the order complained of. It is not suggested that the action of the court was not based upon proper evidence, and we are only concerned therefore with the question of the power of the court.

No question of the right of trial by jury arises in the case. The restraining order is not a punishment for crime, but, as already stated, a prevention of crime. If, however, the provision of the statute complained of were penal in its character, the objection could not prevail. "The purpose of the constitution undoubtedly was to preserve the jury trial wherever the common law gave it, and, in all other cases, to let the legislature and the people do as their wisdom and experience might dictate : " Van Swartow v. Commonwealth, 24 Pa. 131. There is nothing in the constitution which prohibits the legislature from declaring new offenses and defining the mode by which the guilt of persons accused thereof may be determined.

The exceptions are overruled and the order affirmed.