## URQUHART, SHERIFF, *v.* BROWN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF WASHINGTON.

No 226.    Argued March 7, 1907.—Decided March 18, 1907.

Although the power exists and will be exercised in cases of great importance
and urgency, a Federal court or a Federal judge will not ordinarily inter-
fere by *habeas corpus* with the regular course of procedure under state
authority, but will leave the petitioner to exhaust the remedies afforded
by the State for determining whether he is legally restrained of his liberty,
and then to bring his case to this court by writ of error under § 709,
Rev. Stat.; this rule applies to a case where petitioner contends that his
commitment under a state statute, providing for the commitment of one
acquitted by reason of insanity, is a deprivation of liberty without due
process of law, in violation of the Fourteenth Amendment.
139 Fed. Rep. 846, reversed.

THIS appellee Brown was charged in the Superior Court of
Lewis County, Washington, with the crime of murder and was
acquitted. The verdict of the jury was: "We, the jury, find·
the defendant not guilty, by reason of insanity."

The verdict having been entered of record, an order was
made which recited that the court by reason of the verdict,
the evidence, the proceedings in the trial and the demeanor of
the defendant, "finds that the discharge or going at large of
said Thomas Brown would be and is considered by the court
as manifestly dangerous to the peace and safety of the com-
munity"; also, that he be committed to the county jail until
the further order of the court.

In making this order the court acted on the authority·of a
statute of Washington, as follows: "When any person indicted
or informed against for an offense shall, on trial, be acquitted
by reason of insanity, the jury, in giving their verdict of not
guilty, shall state that it was given for such cause; and there-
upon, if the discharge or going at large of such insane person
shall be considered by the court manifestly dangerous to the

peace and safety of the community, the court may order him
to be committed to prison, or may give him into the care of
his friends, if they shall give bonds, with surety to the satis-
faction of the court, conditioned that he shall be well and
securely kept, otherwise he shall be discharged." Bal. Code,
§ 6959.

Subsequently, the accused being in the custody of the sheriff
under the above order, made an original application to the
Supreme Court of Washington on the thirteenth day of June,
1905, for a writ of *habeas corpus*, alleging that he was unlaw-
fully detained and imprisoned, in that the statute under which
he was held was in violation of both the Fourteenth Amend-
ment of the Constitution of the United States and of the con-
stitution of the State.

The Supreme Court of Washington, by its final judgment
entered July 14, 1905, held that the statute was constitutional,
and that the order of the trial court was in strict conformity
with its provisions. *In re Brown*, 39 Washington, 160; *S. C.*,
81 Pac. Rep. 552. That court accordingly denied his applica-
tion to be discharged. The appellee then, on July 18, 1905,
made application to the Circuit Court of the United States for
the Western District of Washington for a writ of *habeas corpus*.
In his answer to this application the sheriff, having the appellee
in custody, referred to the proceedings in the Supreme Court
of the State, and alleged that the mental condition or capacity
of the applicant was in no wise different or improved than it
was on the twenty-third of December, 1904, at the time he
killed his father. That court granted the writ and the case
being heard, the court by its final order entered January 10,
1906, discharged the appellee from custody. The Circuit Judge
held that the statute, although constitutional, was not properly
administered by the Superior Court in rendering its judg
ment, and that the imprisonment of the petitioner with sanc-
tion of the judiciary of the State, without arraignment, and a
fair opportunity to defend himself against charges lawfully
preferred, and to produce evidence in his defense was a dep-

rivation of his liberty by the State, without due process of law, and violated the National Constitution; and for that reason the application for the writ of *habeas corpus* was granted. *Brown* v. *Urquhart*, 139 Fed. Rep. 846.

The order of commitment under which the appellee was held was adjudged by the Circuit Court to be illegal and void, but the judgment was without prejudice to any lawful proceeding to have the prisoner restrained, if he should be adjudged to be a dangerous person by reason of insanity. From that judgment the present appeal was prosecuted.

*Mr. E. C. Macdonald,* with whom *Mr. John D. Atkinson,* Attorney General of the State of Washington, *Mr. A. J. Falknor* and *Mr. J. R. Buxton* were on the brief, for appellant.

No counsel appeared for appellee.

MR. JUSTICE HARLAN, after making the foregoing statement, delivered the opinion of the court.

It is the settled doctrine of this court that although the Circuit Courts of the United States, and the several justices and judges thereof, have authority, under existing statutes, to discharge, upon *habeas corpus,* one held in custody by state authority in violation of the Constitution or of any treaty or law of the United States, the court, justice or judge has a discretion as to the time and mode in which the power so conferred shall be exerted; and that in view of the relations existing, under our system of government, between the judicial tribunals of the Union and of the several States, a Federal court or a Federal judge will not ordinarily interfere by *habeas corpus* with the regular course of procedure under state authority, but will leave the applicant for the writ of *habeas corpus* to exhaust the remedies afforded by the State for determining whether he is illegally restrained of his liberty. After the highest court of the State, competent under the state law

to dispose of the matter, has finally acted, the case can be brought to this court for reëxamination. The exceptional cases in which a Federal court or judge may sometimes appropriately interfere by *habeas corpus* in advance of final action by the authorities of the State are 'those of great urgency that require to be promptly disposed of, such, for instance, as cases "involving the authority and operations of the General Government, or the obligations of this country to, or its relations with, foreign nations." The present case is not within any of the exceptions recognized in our former decisions. If the applicant felt that the decision, upon *habeas corpus*, in the Supreme Court of the State was in violation of his rights under the Constitution or laws of the United States, he could have brought the case by writ of error directly from that court to this court.[1] In *Reid* v. *Jones*, 187 U. S. 153, it was said that one convicted for an alleged violation of the criminal statutes of a State, and who contended that he was held in violation of the Constitution of the United States, "must ordinarily first take his case to the highest court of the State, in which the judgment could be reviewed, and thence bring it, if unsuccessful there, to this court by writ of error; that only in certain exceptional cases, of which the present is not one, will a Circuit Court of the United States, or this court upon appeal from a Circuit Court, intervene by writ of *habeas corpus* in advance of the final action by the highest court of the State." So, in the recent case of *Drury* v. *Lewis*, 200 U. S. 1, it was said that in cases of the custody by state authorities of one charged with crime the settled and proper procedure was for a Circuit Court of the United States not to interfere by *habeas corpus*, "unless in cases of peculiar urgency, and that instead of discharging

---

[1] *Ex parte Royall*, 117 U. S. 241, 251; *Ex parte Fonda*, 117 U. S. 516; *New York* v. *Eno*, 155 U. S. 89; *In re Wood*, 140 U. S. 278; *In re Frederich*, 149 U. S. 70; *Pepke* v. *Cronan*, 155 U. S. 100; *In re Chapman*, 156 U. S. 211; *Whitten* v. *Tomlinson*, 160 U. S. 231; *Baker* v. *Grice*, 169 U. S. 284; *Tinsley* v. *Anderson*, 171 U. S. 101, 104; *Markuson* v. *Boucher*, 175 U. S. 184; *Minnesota* v. *Brundage*, 180 U. S. 499; *Riggins* v. *United States*, 199 U. S. 547; *In re Lincoln*, 202 U. S. 178.

they will leave the prisoner to be dealt with by the courts of the State; that after a final determination of the case by the state court, the Federal courts will even then generally leave the petitioner to his remedy by writ of error from this court. The reason for this course is apparent. It is an exceedingly delicate jurisdiction given to the Federal courts by which a person under an indictment in a state court and subject to its laws may, by the decision of a single judge of the Federal court, upon a writ of *habeas corpus,* be taken out of the custody of the officers of the State and finally discharged therefrom."

Without now expressing any opinion as to the constitutionality of the statute in question, or as to the mode in which it was administered in the state court, for the reasons stated the judgment of the Circuit Court must be reversed, with directions to set aside the order discharging the appellee, and to enter an order denying the application for a writ of *habeas corpus,* leaving the appellee in the custody of the State, with liberty to apply for a writ of error to review the above judgment of the Supreme Court of Washington.

*It is so ordered.*