FILER v. STEELE, Sheriff, et al.

(District Court, W. D. Pennsylvania.   October 23, 1915.)

No. 2.

1. HABEAS CORPUS ⬥45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

Under Rev. St. § 753 (Comp. St. 1913, § 1281), providing that the writ of habeas corpus shall not extend to a prisoner in jail, except in certain cases including the case of a prisoner in custody in violation of the federal Constitution, one in custody by reason of a conviction upon a criminal charge before a state court having jurisdiction over the subject-matter of the offense, the place where it was committed and the person of the prisoner cannot have relief on habeas corpus from a federal court.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. ⬥45; Courts, Cent. Dig. §§ 804, 805.]

2. HABEAS CORPUS ⬥30—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

The writ of habeas corpus cannot be employed as a substitute for a writ of error, and mere errors of law, however serious, committed by a court in the exercise of its jurisdiction, cannot be reviewed by habeas corpus.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 25; Dec. Dig. ⬥30.]

3. CONSTITUTIONAL LAW ⬥257—"DUE PROCESS OF LAW"—CRIMINAL PROSECUTION.

A criminal prosecution in a state court, based on a law not repugnant to the federal Constitution and conducted according to the settled course of proceedings under the law of the state, constitutes "due process of law" in the constitutional sense, so long as it includes notice and a hearing and an opportunity to be heard before a court of competent jurisdiction according to established modes of procedure.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 746, 747, 749; Dec. Dig. ⬥257.]

4. HABEAS CORPUS ⬥45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

Habeas corpus will lie in a federal court on behalf of one convicted in a state court only where the judgment is absolutely void, either because the court had no jurisdiction in the beginning or lost such jurisdiction in the course of the proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. ⬥45; Courts, Cent. Dig. §§ 804, 805.]

5. HABEAS CORPUS ⬥45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

In determining on habeas corpus whether one convicted in a state court has been deprived of liberty in violation of the federal Constitution, the proceedings in the state appellate tribunal as well as in the trial court are to be regarded as part of the process of law.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38–45; Dec. Dig. ⬥45; Courts, Cent. Dig. §§ 804, 805.]

6. HABEAS CORPUS ⬥45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

The question whether a state is depriving a prisoner of liberty without due process of law, under a law not violative of the federal Constitution, cannot be determined ordinarily with fairness to the state until the conclusion of the course of justice in the state courts, as the prohibition of

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Fourteenth Amendment is addressed to the state itself, and if a violation be threatened by one agency of the state, but prevented by another agency of higher authority, there is no violation by the state.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38-45; Dec. Dig. ☞45; Courts, Cent. Dig. §§ 804, 805.]

7. HABEAS CORPUS ☞45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

On habeas corpus, a prisoner in custody pursuant to the final judgment of a state court may have a judicial inquiry in the federal courts into the very truth and substance of the causes of his detention, and the court, if necessary, may look beyond the record of the conviction sufficiently to test the jurisdiction of the state court, but should take into consideration the entire course of the proceedings in the state court and not merely a single step in such proceedings.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38-45; Dec. Dig. ☞45; Courts, Cent. Dig. §§ 804, 805.]

8. HABEAS CORPUS ☞45—UNITED STATES COURTS—DETENTION IN VIOLATION OF FEDERAL CONSTITUTION.

A person convicted in a state court, and petitioning a federal court for a writ of habeas corpus, contended that the state court lost jurisdiction because, in his absence and without the permission or presence of the court, the jury viewed certain premises about which he testified. It appeared that he not only exhausted his legal remedies in the trial court, but in the state Supreme Court, where he was heard on the question respecting such view, and that, the judgment of that court being adverse to him, he made three separate applications to judges of the United States Supreme Court for a writ of error, which were denied. *Held*, that it must be presumed that, if his application for a writ of error had presented a cause of deprivation of liberty without due process of law, the writ would have been awarded, and the petition for habeas corpus would therefore be denied.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. §§ 38-45; Dec. Dig. ☞45; Courts, Cent. Dig. §§ 804, 805.]

Application by H. E. Filer for a writ of habeas corpus directed to Ben Steele, Sheriff, and another. Petition denied.

Ralph D. Hurst, of Greensburg, Pa., and Thos. H. Greevy, of Altoona, Pa., for petitioner.

THOMSON, District Judge. The relator, H. E. Filer, makes application to this court for a writ of habeas corpus, averring his unlawful confinement in the jail of Westmoreland county, Pa., in violation of the rights guaranteed to him as a citizen of the United States under the Fourteenth Amendment of the Constitution of the United States, providing that no state shall deprive any person of life, liberty, or property without due process of law. That this court has jurisdiction to issue the writ prayed for there is no question. But the duty of the court to grant or refuse it must depend upon the facts of the case.

Under section 755 of the Revised Statutes (Comp. St. 1913, § 1283), it is made the duty of the court or judge to whom application is made for a writ of habeas corpus to issue the writ, "unless it appears from the petition itself that the party is not entitled thereto." We therefore turn to the petition to ascertain relator's right to the writ prayed for.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The petition sets forth that on November 12, 1914, he was indicted by the grand jury of Westmoreland county on the charge of murder, and avers that, on the respective dates therein set forth, he was arraigned and tried, found guilty by the jury, sentenced to death, and remanded to prison, where he is still confined. He avers: That at the time of said verdict, judgment, and sentence the said court in which he was tried had lost jurisdiction over him and over the trial of the indictment, and that all proceedings therein, and his commitment to jail, were without due process of law and in all respects null and void, and in violation of his constitutional rights, for the reason that on November 9, 1914, after the testimony in the case was closed and the case argued to the jury, and before the charge of the court, without the permission or presence of the court, without notice to or the presence of petitioner or his counsel, the jury obtained and received evidence prejudicial to him by viewing, inspecting, and examining certain premises about which the defendant had testified, the facts relating thereto being more particularly set forth in five certain affidavits attached to the petition, four of them by members of the jury who tried him, and one by the officer in charge of the jury. That thereafter, on December 16, 1914, he was sentenced to death by the state court and remanded to prison, said court being at that time without jurisdiction over him or the cause in which said verdict was rendered. A motion for a new trial and in arrest of judgment was filed, 10 days being allowed to file affidavits and additional reasons in support thereof, and that such affidavits were duly filed, the motion granted, and an opinion filed by the court refusing a new trial. That on January 9, 1915, a certiorari in appeal to the Supreme Court was filed, the appeal argued before that court, and on April 19, 1915 (Commonwealth v. Filer, 249 Pa. 171, 94 Atl. 822), the judgment was affirmed and the record remitted for the purpose of execution. That on May 24, 1915, application was made to Mr. Justice Pitney, Justice of the Supreme Court of the United States assigned to the Third Circuit, for a writ of error to review the said judgment, which application was denied on May 24, 1915. That on the same day a similar application was made to Mr. Justice Hughes of the Supreme Court, which was also denied, and that on October 12, 1915, a similar application was made to Mr. Justice McKenna of the Supreme Court, which was in like manner refused. That the Governor of Pennsylvania fixed the date for his execution in the week beginning October 11, 1915, which was afterwards by said Governor stayed to the week beginning November 8, 1915. That petitioner has thus exhausted all his remedies in the state of Pennsylvania and by applications for a writ of error to the Supreme Court of the United States, and, having therefore no adequate and efficient means for obtaining his rights under the federal Constitution, asks to be discharged from custody because of the nullity of the verdict, judgment, and commitment, due to the facts above referred to.

Petitioner specially avers that the court of oyer and terminer of Westmoreland county, in which he was tried and convicted, lost jurisdiction over him because, first, the unauthorized view of certain

premises by the jury amounted to the taking of testimony in his absence, which tended to deprive him of his life and liberty without due process of law; second, that he had the right to be present at every stage of his trial, this right being a fundamental right essential to due process of law; third, his involuntary absence at the time of the unauthorized view by the jury of certain premises deprived him of the privilege to be heard, which constitutes an essential prerequisite to due process of law; fourth, that the trial did not proceed in accordance with the orderly process of law essential to a free and impartial trial.

A certified copy of the opinion of the Supreme Court was handed to the court on request at the time of the presentation of the petition.

The Supreme Court of the United States, in the very recent case of Frank v. Mangum, 237 U. S. 309, 35 Sup. Ct. 582, 59 L. Ed. 969, discusses very fully and with great clearness the question of deprivation of liberty without due process of law, the meaning of the constitutional provision, and the proper mode of procedure, where the citizen claims his constitutional rights have been denied. From this opinion by Justice Pitney, which is in general harmony with many former adjudications of that court, the legal principles applicable to the case at bar may be thus summarized:

[1-7] First. Under the terms of section 753 of the Revised Statutes, in order to entitle the applicant to the relief sought under writ of habeas corpus, it must appear that he is held in custody in violation of the Constitution of the United States. Second. That he cannot have relief on habeas corpus if he is held in custody by reason of conviction upon a criminal charge before a court having jurisdiction over the subject-matter of the offense, the place where it was committed and the person of the prisoner. Third. Mere errors of law, however serious, committed by the court in the exercise of its jurisdiction, cannot be reviewed by habeas corpus. The writ cannot be employed as a substitute for a writ of error. Fourth. A criminal prosecution in the courts of a state, based on a law not repugnant to the federal Constitution and conducted according to the settled course of proceedings under the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is "due process of law" in the constitutional sense. Fifth. The federal courts cannot review irregularity or erroneous rulings upon the trial, however serious, and habeas corpus will lie only where the judgment under which the prisoner is detained is shown to be absolutely void for want of jurisdiction in the court, either because such jurisdiction was absent at the beginning, or was lost in the course of the proceedings. Sixth. In determining the question whether the jurisdiction of the court was lost, the inquiry must not be confined to the proceedings and judgment of the trial court. The proceedings in the appellate tribunal are to be regarded as part of the process of law, and are to be considered in determining any question of deprivation of life or liberty under the federal Constitution. Seventh. Questions arising under the due process clause of the Fourteenth Amendment, instead of involving merely the ju-

risdiction of some court, in a broad sense involve the power and authority of the state itself. The prohibition is addressed to the state itself, and if a violation be threatened by one agency of the state, but prevented by another agency of higher authority, there is no violation by the state; and as the state determines what courts shall be established for the trial of offenses against her laws, it follows that the question whether a state is depriving a prisoner of his liberty without due process of law, under a law not violative of the federal Constitution, cannot be determined ordinarily, with fairness to the state, until the conclusion of the course of justice in its courts. Eighth. Under the liberal procedure on habeas corpus, a prisoner in custody purusant to the final judgment of a state court may have a judicial inquiry in the federal courts into the very truth and substance of the causes of his detention, and, if necessary, to look beyond the record of his conviction sufficiently to test the jurisdiction of the state court to proceed to judgment against him. But the court should take into consideration the entire course of the proceedings in the state courts, and not merely a single step in the proceedings, and that consideration must be given, not only to the averments of the petition, but to the proceedings which the petition attacks.

[8] Applying these legal principles to the facts before us, as disclosed by the petition, leads us to a conclusion adverse to the relator. He was tried in a court of competent jurisdiction, and exhausted his legal remedies, not only in the trial court, but in the appellate court, where he was heard on the very question which forms the basis of this application. The judgment of the Supreme Court being adverse, he made three separate applications to the judges of the Supreme Court for a writ of error, which applications were denied. It must be presumed that, had his application for a writ of error presented a case of deprivation of liberty without due process of law, such writ would have been awarded him.

The petition for a writ of habeas corpus must therefore be denied.