## Ex parte MEEKS.

District Court, W. D. Kentucky. June 2, 1927.

1. **Habeas corpus ⬡105—On habeas corpus to release prisoner under state judgment, inquiry is whether whole procedure under state law denies due process (Const. U. S. Amend. 14).**

Question involved in habeas corpus proceeding to release a person from confinement under a judgment of a state court convicting him of a crime is whether he has been denied due process of law, under Const. U. S. Amend. 14, by the state, and that is determined, not merely by the result in one state judicial tribunal, but by the whole procedure open to him under the state law, and whether state law furnishes means by which the wrong done in one tribunal may be corrected in another.

2. **Habeas corpus ⬡22(1)—Habeas corpus writ not issued for denial of equal protection of laws and due process, because local trial judge entitled to percentage of fine (Const. U. S. Amend. 14; Cr. Code Prac. Ky. §§ 25, 362, 366).**

That under Kentucky law county judge, who tried case in which petitioner was convicted of illegal transportation of intoxicating liquor, in violation of state prohibition enforcement act, was entitled to 10 per cent. of fine imposed, *held*

not to entitle petitioner to habeas corpus writ out of federal court, on the ground that trial judge's pecuniary interest denied petitioner the equal protection of law and due process of law, guaranteed by Const. U. S. Amend. 14, where he failed to avail himself of right under Cr. Code Prac. Ky. §§ 362, 366, to appeal to state circuit court, in which trial de novo would have been had, with further right of appeal to Court of Appeals, and possible application for writ of prohibition under section 25.

Habeas Corpus. In the matter of the application of Chester Meeks for a writ to procure release from custody, under a state court judgment. Writ denied.

Oliver, Mansfield & Mansfield, of Bowling Green, Ky., for petitioner.

DAWSON, District Judge. The petitioner, Chester Meeks, by his petition in this case, shows that on May 20, 1927, he was tried before Hon. W. R. Gardner, the county judge of Warren county, Ky., upon a warrant charging him with the illegal transportation of intoxicating liquor, in violation of the state prohibition enforcement act (Laws 1922, c. 33), and upon the trial was found guilty and adjudged to pay a fine of $100 and the costs of the proceeding, and to be confined in the county jail of Warren county at hard labor for a period of 30 days, and required to execute a $1,000 peace bond, conditioned that he would, for 12 months, faithfully observe the prohibition law of the state; it being required that, upon default of the execution of the bond, he should be confined in the county jail 90 days additional. This judgment was in accordance with the law of the state of Kentucky. No appeal was taken, and the defendant is now confined in the county jail of Warren county, in satisfaction of the judgment.

On the strength of the opinion of the Supreme Court in the case of Ed Tumey v. State of Ohio, 47 S. Ct. 437, 71 L. Ed. ——, decided on March 7, 1927, he claims that this judgment is void, for the reason that under the Kentucky law the county judge who tried the case was entitled to 10 per cent. of the fine imposed, and that this pecuniary interest of the trial court resulted in his trial by other than a fair and impartial court, thereby denying him the equal protection of the law and due process of law, as guaranteed to him by the Fourteenth Amendment to the Constitution of the United States.

[1] If it be admitted that the facts disclosed in the case of Tumey v. State of Ohio, supra, and the principles there announced, are applicable to this case, it does not follow as a necessary consequence that the petitioner

is entitled to the relief sought in this habeas corpus proceeding. As was pointed out by the Supreme Court in the case of Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969, the question involved, when it is sought by habeas corpus proceedings to release the petitioner from confinement under a judgment of the state court, is whether he has been denied due process of law by the state, and that is determined, not merely by the result in one judicial tribunal of the state, but the whole procedure open to him under the state law must be examined, for the purpose of determining if the state law has furnished the means by which the wrong done in one tribunal may be corrected in another. The court said:

"In fact, such questions as are here presented under the due process clause of the Fourteenth Amendment, though sometimes discussed as if involving merely the jurisdiction of some court or other tribunal, in a larger and more accurate sense involve the power and authority of the state itself. The prohibition is addressed to the state; if it be violated, it makes no difference in a court of the United States by what agency of the state this is done; so, if a violation be threatened by one agency of the state, but prevented by another agency of higher authority, there is no violation by the state. It is for the state to determine what courts or other tribunals shall be established for the trial of offenses against its criminal laws, and to define their several jurisdictions and authority as between themselves. And the question whether a state is depriving a prisoner of liberty without due process of law, where the offense for which he is prosecuted is based upon a law that does no violence to the federal Constitution, cannot ordinarily be determined, with fairness to the state, until the conclusion of the course of justice in its courts. * * * It is, indeed, settled by repeated decisions of this court that, where it is made to appear to a court of the United States that an applicant for habeas corpus is in the custody of a state officer in the ordinary course of a criminal prosecution, under a law of the state not in itself repugnant to the federal Constitution, the writ, in the absence of very special circumstances, ought not to be issued until the state prosecution has reached its conclusion, and not even then until the federal questions arising upon the record have been brought before this court upon writ of error."

[2] Section 362 of the Criminal Code of Kentucky grants to a defendant the right of appeal from any judgment of conviction before the county judge to the circuit court, where the punishment is imprisonment, or for a fine of $20 or more, and section 366 of the Criminal Code provides that on such appeals the case is tried de novo, as if no judgment had been rendered by the county court, and in this particular case the defendant had the right of a further appeal to the Court of Appeals. So far as the record before this court shows, no objection was made by the defendant to the trial before the county judge. He did not appeal to the circuit court, as he had a right to do. Had he appealed to the circuit court, he would there have been tried anew before a judge who had no pecuniary interest whatever in the outcome of the trial. Furthermore, if he had desired to raise the question that under the Tumey Case the county judge was without jurisdiction to try him, he could have reached that question, under the Constitution of Kentucky, by a writ of prohibition from the Court of Appeals, and probably under section 25 of the Criminal Code, by such a writ from the circuit court.

With these means of protecting his constitutional rights afforded to him by the state. it seems to me that under the principle laid down in the cases of Frank v. Mangum, supra, State of Minnesota v. Brundage, 180 U. S. 499, 21 S. Ct. 455, 45 L. Ed. 639, Knewel, Sheriff, v. Egan, 268 U. S. 442,[1] Urquhart, Sheriff, v. Brown, 205 U. S. 179, 27 S. Ct. 459, 51 L. Ed. 760, Bergeman v. Backer, 157 U. S. 655, 15 S. Ct. 727, 39 L. Ed. 845, Markuson v. Boucher, 175 U. S. 184, 20 S. Ct. 76, 44 L. Ed. 124, Ashe v. Valotta, 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662, and numerous other cases therein cited, he is not entitled to a writ of habeas corpus. He has voluntarily waived the rights which the state law gave him, which would have fully protected him against the trial by a judge pecuniarily interested, and I do not think that he can now be heard to complain in this character of proceeding.

In this connection it might be well to note that the case of Tumey v. State of Ohio did not reach the Supreme Court through habeas corpus proceedings, but by writ of error out of that court to the Ohio state court.

For the reasons stated, I decline to issue the writ.

[1] 45 S. Ct. 522, 69 L. Ed. 1036.