616

## UNITED STATES ex rel. HENSON v. MILLS.

No. M—789.

District Court, E. D. Pennsylvania.

Dec. 23, 1937.

Isadore Stern, of Philadelphia, Pa., for relator.

Vincent A. Carroll, of Philadelphia, Pa., for respondent.

MARIS, District Judge.

In this case the court granted a writ of habeas corpus upon the relation of Joseph Henson directed to the superintendent of the Philadelphia County Prison. The writ was issued pursuant to sections 751 and 753, R.S., 28 U.S.C. §§ 451 and 453, 28 U.S.C.A. §§ 451, 453, on the averment that the relator was in custody in violation of the Fourteenth Amendment to the Constitution of the United States.

It appears that the relator was tried, with two others, in the court of quarter sessions of Philadelphia County on January 6, 1937, on nine bills of indictment charging entering with intent to steal and larceny at nine separate places. A verdict of not guilty was rendered by the jury as to all three. From the evidence presented at the trial and his previous criminal record the trial judge concluded, however, that the relator was a person not of good fame and likely to endanger the public peace, and he entered an order directing him to enter bail in the sum of $25,000 to keep the peace and be of good behavior for a period of ten years. Being unable to enter bail in this sum, the relator was committed to the county prison, where he has remained ever since.

The Fourteenth Amendment to the Constitution provides that "no State shall * * * deprive any person of life, liberty * * * without due process of law." A criminal prosecution in the courts of a state, based on a law not repugnant to the Federal Constitution and conducted according to the settled course of proceedings under the law of the state, so long as it includes notice and a hearing, or an opportunity to be heard, before a court of competent jurisdiction, according to established modes of procedure, is "due process of law" in the constitutional sense. Filer v. Steele, D. C., 228 F. 242, affirmed Filler v. Steele, 241 U.S. 648, 36 S.Ct. 550, 60 L.Ed. 1220.

The order of the judge of the state court in this case was made under the authority of the Act of 34 Edw. III, c. 1, which is in force in Pennsylvania, Roberts' Digest of British Statutes 349, Report of the Judges, 3 Bin. 612. The Supreme Court of Pennsylvania has held that, even though the evidence is insufficient to convict a defendant upon an indictment and he is accordingly acquitted, the trial judge may order him to give security to keep the peace under this act, if satisfied from the evidence which was produced that he is a person of bad character and likely to endanger the public peace. Respublica v. Donagan, 2 Yeates 437; Bamber v. Commonwealth, 10 Pa. 339.

It is not argued, nor do we find, that the Act of 34 Edw. III is repugnant, in any way, to the Federal Constitution. Its obvious purpose is to protect the public peace. In the present case relator had a hearing before the court of quarter sessions, a state court of competent jurisdiction, and the order made in his case was made in accordance with the established mode of procedure in that court. There was, therefore, no want of due process. It is clear that relator's only real complaint is that the trial judge abused his discretion in fixing exorbitant bail. It is not within our province to express an opinion as to this, however, since we conclude that we should not entertain the writ for reasons which we shall now state.

This court unquestionably has power under the Revised Statutes to issue a writ of habeas corpus to a prisoner in jail under commitment by a state court where he is in custody in violation of the Constitution of the United States. It is the settled doctrine of the federal courts, however, that this power is not unqualified, but is only to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not thus to be interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. United States ex rel. v. Tyler, 269 U.S. 13, 46 S. Ct. 1, 70 L.Ed. 138. In view of the relations existing under our system of government, between the judicial tribunals of the Union and of the several states, a federal court or a federal judge will not ordinarily interfere by habeas corpus with the regular course of procedure under state authority, but will leave the applicant for the writ of habeas corpus to exhaust the remedies afforded by the state for determining whether he is illegally restrained of his liberty. After the highest court of the state, competent under the state law to dispose of the matter, has finally acted, the case can be brought to the Supreme Court of the United States for re-examination. Urquhart v. Brown, 205 U.S. 179, 27 S.Ct. 459, 51 L.Ed. 760.

618

If the state court had jurisdiction, as it clearly had here, mere errors of law, however serious, committed by it in the exercise of its jurisdiction, cannot be reviewed by habeas corpus, since the writ cannot be employed as a substitute for an appeal. Filer v. Steele, supra; Ex parte Zwillman, 3 Cir., 48 F.2d 76; McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. In the present case relator has neither taken an appeal nor made application for a writ of habeas corpus to the Supreme Court of the state or to any other state court. The due process of law to which the Fourteenth Amendment refers is not confined to the proceedings and judgment of the trial court. It includes also proceedings on appeal in the state court. If the error is corrected on appeal, the action of the trial court no longer presents a question under the amendment. Consequently it is the duty of the relator to present his case to the appropriate state appellate tribunal before he may ask the federal courts to intervene. Filer v. Steele, supra; Mooney v. Holohan, 294 U. S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L. R. 406.

The writ of habeas corpus is accordingly discharged and the relator is remanded.