## Commonwealth v. McNatt

Before Carr, P. J., Morrow and Cottom, JJ.

*Richard F. Maize,* for Commonwealth.

*Wade K. Newell,* for defendant.

MORROW, J., January 5, 1952.—The bill in this case alleges that defendant has been practicing the profession of dentistry in Fayette County, Pa., without a license, contrary to the provisions of the Dental Law of May 1, 1933, P. L. 216, as amended, 63 PS §§120, et seq. This action was instituted not to punish defendant under the penal provisions of the law for his past violations, but to restrain future action by defendant of the same nature, endangering the health and welfare of citizens of this Commonwealth.

The State Dental Council and Examining Board, upon the advice of the Attorney General, brought this action in the name of the Commonwealth. This board is a departmental administrative board in the Department of Public Instruction as provided by the legislation of this Commonwealth recited in the Act of April 9, 1929, P. L. 177, as amended, 71 PS §62. The Act of April 18, 1949, P. L. 492, 71 PS §1036.1, is in part as follows:

"The Department of Public Instruction, or any of its departmental administrative boards, commissions, or officers, upon the advice of the Attorney General, may maintain, as hereinafter provided, an action, in the name of the Commonwealth, for an injunction or other process against any person to restrain or prevent his practicing any profession in a public or private capacity, . . . whenever a license to engage in such activity is required by law. . . ."

The Department of Public Instruction is one of the administrative departments having responsibility for performance of the executive and administrative work of this Commonwealth. See 71 PS §61.

When the bill was filed May 7, 1951, this court decreed that a preliminary injunction issue temporarily restraining defendant from practicing dentistry. On May 11, 1951, pursuant to stipulation and agreement of counsel for defendant and plaintiff that the hearing set for that day be continued until final hearing, it was decreed by agreement of counsel that the preliminary injunction be continued until final hearing of this case or until further order of this court.

Instead of filing an answer to the bill within 30 days pursuant to the notice endorsed thereon, counsel for defendant on July 26, 1951, without leave of court and without affidavit that it was not for the purpose of delay, filed preliminary objections to the bill. We assume these were filed under Equity Rule 48. The objections are to the effect that plaintiff has a full, complete and adequate remedy at law, that this proceeding deprives defendant of his constitutional right to a trial by jury, and that a court of equity does not have jurisdiction in this matter.

Any argument in support of these preliminary objections must admit that the allegations in the bill are true. Counsel for defendant recognize this and say in their brief:

"For the purposes of this argument we must accept the allegations contained in the bill as true so far as the actual factual situation may be concerned, and we must assume that the defendant is actually practicing dentistry without a license so to do, and in this respect is violating the provisions of the Dental Act of May 1, 1933, P. L. 216."

In the face of this admission the argument that defendant is unlawfully denied a jury trial seems without force. If it must be assumed that he is guilty of the law violation how a jury trial would benefit him is not clear. If he is not guilty the reason why he did not file an answer so averring is equally obscure. The impli-

cation would seem to be that he could not thus answer, else he would have done so.

Is the defendant in any view of the matter unlawfully denied the right to a jury trial? It is true that the Dental Act prescribes, inter alia, that a person violating any of its provisions shall be guilty of a misdemeanor, but as above pointed out this action is not brought to inflict punishment for the past misdemeanor, but to restrain future conduct of defendant that could cause great and irreparable injury to unwary citizens. The right to injunctive restraint, with consequent protection, is specifically authorized by law as above appears. As we view the question, defendant is not unlawfully denied the right to a jury trial.

"In declaring a new offense the legislature may prescribe a mode of trial other than by jury, without violating the constitutional guarantee that the right of trial by jury shall remain as heretofore; that is, as it was when the Constitution was adopted": Premier Cereal & Beverage Co. v. Pennsylvania Alcohol Permit Board et al., 292 Pa. 127 (syllabus).

Prior to the adoption of the Constitution of this Commonwealth the practice of the profession of dentistry without a license was not a misdemeanor nor was there any penalty for such practice.

"There is nothing to prevent the legislature from giving relief without trial by jury when dealing with a legal situation not within the common law and defined by statute since the adoption of the Constitution" (syllabus) : Commonwealth v. Dietz et al., 285 Pa. 511. See also Commonwealth v. Andrews, 24 Pa. Superior Ct. 571, 575, where it is said:

"The restraining order is not a punishment for crime, but, as already stated, a prevention of crime. . . . There is nothing in the constitution which prohibits the legislature from declaring new offenses and

defining the mode by which the guilt of persons accused thereof may be determined."

Even before the passage of the Act of April 18, 1949, supra, specifically authorizing the procedure herein followed, it had been ruled that the illegal practice of dentistry could be perpetually enjoined. See Boggs v. Werner, 92 Pitts. L. J. 383.

In our opinion the preliminary objections herein, even had they been filed in accordance with Equity Rule 48, could not be sustained.

### Decree

And now, January 5, 1952, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the preliminary objections to the bill be and they are hereby dismissed, and defendant is required to answer over within 15 days, under penalty of having the bill taken pro confesso.