### STATE v. DeMASTERS.

1.  On a prosecution for incest, the admission of evidence of statements made in defendant's absence by the woman with whom the crime was charged to have been committed, just after she had given birth to a child, that defendant was the father of the child, and of her con-

fession, in defendant's absence, after she had been arrested for the same crime with which defendant was charged, that she and defendant were guilty of such crime, was reversible error, though the court subsequently instructed the jury not to consider such evidence.

2. On a prosecution for incest, evidence of the mutual conduct of the parties to the crime charged prior thereto is admissible, but not of their conduct thereafter.

. (Opinion filed May 14, 1902.)

Error to circuit court, Meade county. Hon. Levi McGee, Presiding Judge.

George DeMasters was convicted of incest, and he brings error. Reversed.

The facts are stated in the opinion.

*Frawley & Laffey,* for plaintiff in error.

*Hon. John L. Pyle,* Attorney General, and *John P. McClung,* . State's Attorney, for defendant in error.

Corson, J. Upon an information duly filed by the state's attorney of Meade county, charging the plaintiff in error George DeMasters, jointly with one Cora Giltner, with the crime of incest, committed in that county on the 12th day of August, 1899, the said DeMasters was convicted and sentenced by the court to imprisonment in the penitentiary for a period of six years. A motion for new trial was made, and denied by the circuit court, and the case is before us on a writ of error. Before the commencement of the trial, upon motion, the plaintiff in error and the said Cora Giltner were granted separate trials. Numerous errors are assigned, the more important of which are that the court erred (1) in admitting evidence of the alleged admissions or statements of the co-defendant, Cora Giltner; (2) in admitting evidence of the conduct of the plaintiff in error and the said Cora Giltner subsequent

to the alleged commission of the offense; (3) in the instructions of the court given upon its own motion; (4) because the evidence was insufficient to justify the findings of the jury.

On the trial of the case the court admitted, over proper objections made by the plaintiff in error, evidence that in the early part of 1900 Cora Giltner, who is admitted to be the niece of the plaintiff in error, gave birth to an immature child, and at about the time of its birth made statements, in the absence of the plaintiff in error, to the effect that he was the father of the child. Evidence was also admitted, over proper objections made by. the plaintiff in error, that soon after the arrest of the said Cora Giltner she made statements to the effect that she and the plaintiff in error were guilty of the crime charged, giving somewhat in detail the circumstances connected with the alleged offense. It is strenuously contended on the part of the plaintiff in error that the evidence of the fact that Cora Giltner gave birth to a child, and her alleged statements that the plaintiff in error was the father, and her alleged statements or confessions, made after her arrest, not in the presence of the plaintiff in error, were inadmissible as against him, for the reason that the birth of the child did not tend to prove that the plaintiff in error was its father, and that her alleged statements in regard thereto, made in the absence of the plaintiff in error, and her subsequent alleged confession or statements, after her arrest, in the absence of the plaintiff in error, were incompetent and in no manner binding upon him. At the close of the evidence on the part of the state, the court, on motion of the plaintiff in error, struck out all the testimony that had been introduced by the state as to the alleged admissions, declarations, or statements made by the said Cora Giltner, and the court charged the jury in respect thereto as follows: "The evidence introduced by the state wherein certain wit-

nesses testified to certain admissions of statements of the co-defendant, Cora Giltner, wherein she stated that the defendant, George DeMasters, was the cause of her trouble and was the father of her child born in the town of Tilford, in this county, is stricken from the record; and you are not to consider this evidence in your deliberation on the question as to the innocence or guilt of the defendant. The defendant, however, introduced the co-defendant in this case, Cora Giltner, as a witness, and she, while on the stand, testified to former statements made by her in regard to the defendant George DeMasters. I instruct you that you may consider this testimony as affecting the credibility of the witness and co-defendant, Cory Giltner; and I instruct you, gentlemen of the jury, that it is limited to that, and that only." While the court apparently withdrew this evidence from the jury, he virtually left it with them as affecting her credibility as a witness for the plaintiff in error. The statements of Cora Giltner, made in the absence of the plaintiff in error, stricken out by the court and withdrawn from the jury, were clearly inadmissible as against the plaintiff in error, and should have been excluded upon his objection. 1 Greenl. Ev. § 233; Gore v. State, 58 Ala. 391; State v. Thibeau, 30 Vt. 100; Priest v. State, 10 Neb. 393, 6 N. W. 468; 6 Am. & Eng. Enc. Law, 572. While the courts ordinarily hold that evidence improperly admitted, when stricken out and withdrawn from the jury by the court, will be disregarded by them, and therefore not a ground for granting a new trial, yet there are many exceptions to this rule. Mr. Jones, in his recent work on Evidence, states the following as his conclusions from the authorities: "If in any case there is good reason to believe that injury has been done to the adverse party by the introduction of such evidence, notwithstanding the caution and instructions of the court, that will furnish a sufficient cause for sending

the case to another trial; but, unless there is good ground for suspicion, it must be presumed that the instructions of the court were not disregarded." 3 Jones, Ev. § 898. In Richards v. Noyes, 44 Wis. 614, the supreme court of that state quotes with approval the following from the case of Bank v. Dutton, 11 Wis. 371: "Without stopping to discuss this matter, it is very obvious that the admission of improper testimony is of a dangerous tendency, since it devolves upon the court to determine what no human tribunal can ever satisfactorily determine; that is what influence and impression the mind of another might have received from such evidence." The case of State v. Sprague, 64 N. J. Law, 419, 45 Atl. 788, is quite analogous to the one at bar. The supreme court of New Jersey, after an exhaustive discussion as to the admissibility of certain evidence, and holding that it was inadmissible, uses the following language: "This evidence was highly prejudicial to the defendant. It was a denial to him of a fair trial upon the issue presented by the indictment, and that it was not erroneous cannot for a moment be contended. In fact, all that need be said in a case of this kind is that it 'may have been harmful.'" In Anderson v. Railroad Co., 54 N. Y. 334, the court of appeals of that state says: "Any illegal evidence that would have a tendency to excite the passions, arouse the prejudices, awaken the sympathies, or warp or influence the judgment of the jurors in any degree, could not be considered harmless." Taylor v. Adams, 58 Mich. 188, 24 N. W., 864; People v. Valliere, 127 Cal. 65, 59 Pac. 295; Erben v. Lorillard, 19 N. Y. 299.

No one reading the evidence in this case can doubt that the statements made by Cora Giltner had a very great influence upon the jury, and the jurors must have found great difficulty in removing from their minds the impressions produced by this evidence,

if in fact they could have done so. However honest and intelligent the jurors may have been, we doubt if they could have entirely disregarded this evidence in arriving at their verdict; and it is quite clear to this court that the verdict of the jury must have been more or less influenced by this evidence, and the only method of correcting the error of the trial court in admitting this evidence is a new trial. For the error, therefore, in admitting the evidence referred to, notwithstanding it was stricken out and withdrawn from the jury, the judgment of the court below must be reversed. and a new trial granted. In view of the fact that upon another trial the state may seek to introduce evidence relative to the conduct of the plaintiff in error and Cort Giltner in another county subsequent to the time of the alleged commission of the offense charged in the information, we deem it proper to say that in our view this evidence was inadmissible. The acts and conduct of the parties antecedent to the time of the alleged offense are admissible, but not those subsequent. While the authorities upon this subject are not in harmony, in our opinion the weight of the authority clearly supports the view that only prior acts of undue familiarity or conduct are admissible in a case of this nature. 16 Am. & Eng. Enc. Law (2d Ed.), p. 139; 1 Am. & Eng. Enc. Law (2d Ed.), pp. 753, 754; Lovell v. State, 12 Ind. 18; People v. Skutt, 96 Mich. 449, 56 N. W. 11; State v. Markins, 95 Ind. 464, 48 Am. Rep. 733; People v. Jenness, 5 Mich. 305; Lefforge v. State, 129 Ind. 551, 29 N. E. 34.

Upon the question of the sufficiency of the evidence to justify the verdict of the jury it is not proper for us to express any opinion. The judgment of the court below is reversed and a new trial granted.