COFFEE, Appellant, v. DORWART, et al., Respondents.

(139 N. W. 776.)

1. **Pleading—Joinder in General Demurrer—Effect as to Complaint.**
Under a general demurrer, in which all defendants join, the complaint, if good as to one defendant, is good as against all of them.

2. **Negligence—Complaint—Sufficiency of Allegations.**
A complaint involving negligence resulting in personal injuries, alleging that defendants are owners and in possession and control of a certain saloon and appurtenances, which building was occupied and used by defendants to sell intoxicating liquors at retail and as a place of carrying on a saloon business, that the building was negligently and carelessly built, in that there was a trapdoor opening into the cellar from main floor, that defendants opened said trapdoor and wrongfully left it open and unguarded, so that plaintiff, who was blind, as known to defendants, and who was then lawfully in the building, and exercising due care, fell into the cellar through said opening, and duly alleging injuries and damages, is good against a general demurrer.

(Opinion filed February 10, 1913.)

Appeal from Circuit Court, Brule County. Hon. FRANK B. SMITH, Judge.

Action by Bryan Coffee against S. E. Dorwart and others for damages for personal injuries resulting from negligence. From an order sustaining a general demurrer to the complaint, jointly interposed by defendants, plaintiff appeals. Reversed.

*Emil J. Woerth,* for Appellant.

The appellant contends, that had this action come to trial and had the plaintiff failed to make out a case against those of the defendants alleged in the complaint to be principals with a secret interest and enjoying secret profits in the business of defendants, even then the plaintiff and appellants' complaint herein would be non-demurrable, as the most which could be consistently claimed by defendants in such case would be a dismissal of the action as against such defendant or defendants against whom no action was established.

(As seen from the opinion of the court, the phase of the complaint concerning a secret interest in the saloon business, etc., among the defendants, was disregarded by the Supreme Court in determining the sufficiency of complaint.)

No brief was filed, or appearance entered on behalf of respondent.

GATES, J. This is an action for damages for personal injuries. The allegations of the complaint are as follows:

(1) That the defendants above named are the owners and have possession and control of a certain building and premises described as lot 3 in block 3, original town (now city) of Kimball, in Brule county, state of South Dakota, with the appurtenances thereto belonging, and which said building was at the time hereinafter mentioned occupied and used by said defendants to sell intoxicating liquors at retail and as a place of business commonly called a "saloon."

(2) That the license under which said saloon is operated is taken out in the name of defendant S. E. Dorwart, and that the latter is apparently in actual charge and supervision of said business; but that defendants J. H. Knight and J. W. Sanford have a silent interest in said business and in its profits, the latter supplying the money to procure the license aforesaid, furnishing the building and lot above described to transact said business in besides equipping said building with fixtures, and providing all the liquor stock used in connection with and in the transaction of said

saloon business. That said referred to silent interest held in said business by the defendants J. H. Knight and J. W. Sanford is concealed to the world, and this plaintiff is unable to give the exact proportion of the same; but plaintiff alleges, upon information and belief, that there is a secret arrangement between said defendants whereby the two last mentioned agree to and do furnish the capital required, and defendant S. E. Dorwart agrees to and does assume the management of said business, and that the profits accruing from said business, if any, are thereafter respectively divided.

(3) The said building was negligently and carelessly built, in this: That there is a trapdoor opening into the cellar on the main saloon room floor of the same; that on or about the 21st day of October, 1911, said defendants, by their servants, opened said trapdoor, and, well knowing the premises, did, on the afternoon of the date aforesaid, negligently and wrongfully leave the said trapdoor open, uncovered, unguarded, and unprotected, by means whereof the plaintiff, who is a blind man, and whose sightlessness was known to defendants and their servants, who was then lawfully in said building by permission and invitation of the defendants, then and there necessarily and carefully passing along said saloon room, fell through the said trapdoor into the cement floored cellar.

Paragraph 4 sets forth nature of appellant's injuries and the amount of his damages, and is followed by proper prayer and verification.

To the complaint defendants jointly interposed a demurrer, upon the ground that the complaint did not state facts sufficient to constitute a cause of action, which was sustained. Plaintiff appeals. No brief has been filed by respondents.

[1] Appellants' argument goes chiefly to show that the allegations of partnership were sufficient. As to the sufficiency of such allegations, we express no opinion. Under the general demurrer, in which all defendants join, the complaint, if good as to one defendant, is good as against all of them. Rochford v. School Dist., 17 S. D. 542, 97 N. W. 747. So far as the issue raised by this demurrer is concerned, paragraph 2 of the complaint might have been omitted.

[2] In other respects the complaint appears to contain all of

the allegations necessary in a complaint of this kind. Sutherland, Code Pl. Pr. and Forms, §§ 4224, 5.

The order sustaining the demurrer is reversed.