STATE, Respondent, v. RATHJIN, Appellant.

STATE, Respondent, v. SEUBERT, Appellant.

(193 N. W. 247.)

(File No. 5121, 5122.    Opinion filed April 3, 1923.)

1. **Indictment and Information—Criminal Law—Rape—Joint Information Held Sufficient.**

Information jointly charging defendants with rape held not objectionable as failing to state which defendant committed the act of sexual intercourse and therefore not direct and certain as to the party and offense charged (Rev. Code 1919, Sec. 4718), where it stated the nature and cause of accusation as required by Const., Art. 6, Sec. 7.

2. **Indictment and Information—Criminal Law—Demurrer—Information Good as to One Defendant Good as to Both on Joint Demurrer.**

An information charging rape good as to one defendant is good as to both on joint demurrer.

3. **Criminal Law—Defendant Convicted Because of His Own Acts Held Not Concerned Whether Codefendant's Conviction Was for Different Acts.**

Where an information jointly charged defendants with rape, and evidence showed three separate acts of intercourse with prosecutrix by each defendant, it was not the concern of defendant convicted because of his own acts, whether his codefendant was convicted of another offense even though under the same information, and his motion in arrest of judgment and for new trial was properly denied.

4. **Criminal Law—Instructions—Waiver—Failure to Except to Instruction Held Waiver of Error Therein.**

In a rape prosecution, where information was joint, and evidence showed three separate acts of intercourse by each defendant, and one defendant had been found guilty because of his acts, where there was no exception by the other defendant to an instruction to acquit or convict the codefendant according to whether it was found that he did or did not actually have sexual intercourse with prosecutrix, he could not thereafter assert reversible error.

5. **Jury—Challenge—Trial—No Abuse of Discretion on Granting State Right to Peremptory Challenge.**

In view of Rev. Code 1919, Sec. 4851, there was no error in permitting the state to exercise peremptory challenges of a juror after waiver of right to such challenges and after defendant had exercised a portion of his challenges as violating order prescribed by Section 4867.

6. **Criminal Law—Appeal and Error—Instructions—Alleged Error in Refusal to Adopt Instructions Not Reviewed Where Instructions Not in Record.**

Where error is predicated on the refusal of instructions, but the instructions are not set out in the record, the refusal to adopt them will not be reviewed where instructions not in record.

Appeal from Circuit Court, Minnehaha County; Hon. L. L. Fleeger, Judge.

Henry J. Rathjin and August Seubert were separately convicted of rape, and they appeal. Affirmed.

*Lynch & Doyle* and *Louis H. Smith,* all of Sioux Falls, for Appellants.

*Byron S. Payne,* Attorney General, and *Benj. D. Mintener,* Assistant Attorney General, for Respondent.

(1)   To point one of the opinion, Appellant cited: State v. Frazier, 38 Pac. 38; Floren v. U. S., 196 Fed. 161; White v. People, 45 Pac. 539; State v. Valentine, 63 N. W. 541; State v. Baughner, 63 N. W. 542; State v. Marks, 58 N. W. 320; State v. Smith, 52 N. W. 320; State v. Riggs, 25 S. D. 275; Bishop New Crim. Pro., Vol. 1, pp. 294-296; Standard Ency. of Pro., Vol. 12, p. 499; 22 Cyc. 374; 14 R. C. L. 194; State v. Stewart, 37 S. D. 263; McCall v. United States, 1 Dak. 307; Floren v. U. S., 196 Fed. 161; State v. Gifford, 19 Wash. 464, 53 Pac. 709.

Respondent cited: 22 R. C. L. 1172; State v. Winstandley, 151 Ind. 316, 51 N. E. 92; State v. Moore, 90 N. W. 787; Com. v. Weatherhead, 110 Mass. 175, 22 Cyc. 373; State v. Lehman (Mo.), 66 L. R. A. 491; State v. Burns, 82 Com. 218, 72 Atl. 1081, 16 Ann. Cas. 465; State v. Dowdell (N. C.), 8 L. R. A. 297; State v. Haines (La.), People v. Chapman (Mich.), 28 N. W. 896, 16 C. J. 128; State v. Berger, 121 Iowa 581, 96 N. W. 1094; State v. Cline, 27 S. D. 533.

(3)   To point three, Appellant cited: Cecil v. Territory, 16 Okla. 197, 8 Ann. Cas. 457.

GATES, J.   Defendants were jointly charged in the information with the crime of rape, as follows:

"That August Seubert and Henry C. Rathjin, late of said county, yeomen, on the 1st day of September in the year of our Lord one thousand nine hundred and twenty-one at the county of Minnehaha and state of South Dakota aforesaid then and there did willfully, unlawfully, and feloniously, with force and arms, in and upon the person of one Katherine Kline a female person who was not then and there the wife of the said August Seubert or Henry C. Rathjin make an assault on the said Katherine Kline, and then and there did willfully, unlawfully, and feloniously ravish and carnally know and accomplish with her an act of sexual intercourse by force and violence against her will and without her consent by overcoming her resistance and by threatening to do immediate and great bodily harm, the said defendants being then and there over the age of 14 years, and the said defendants did thereby and by said means commit the crime of rape in the first degree contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of South Dakota."

They jointly demurred to the information. which demurrer was overruled. Separate trials were granted. Seubert was first tried. Both were convicted and sentenced to imprisonment in the penitentiary for 12 years. Each defendant appeals from the judgment against him and from an order denying his motion for a new trial.

[1] The most serious argument on each appeal is devoted to the alleged insufficiency of the information. It is first discussed in the assignment which predicates error in overruling the demurrer to the information. It is claimed that the information does not disclose which defendant committed the overt act of sexual intercourse; that the crime is one that is not susceptible of being committed jointly; that, if it was intended to charge each with the overt act of sexual intercourse, the information was bad for duplicity; that it is impossible to determine whether Seubert is charged as principal and Rathjin as accessory, or vice versa; therefore that the information is not direct and certain as to the party charged and as to the offense charged (Rev. Code 1919, § 4718).; and that it does not disclose the nature and cause of the accusation against them (Const.; art. 6, § 7).

[2] The trial court did not err in overruling the demurrer. The information stated the nature and cause of the accusation, and it was sufficient as a pleading. State v. Comstock, 46 Iowa 265. There is nothing in State v. Stewart, 37 S. D. 263, 157 N. W. 1046, relied on by appellants, which in the slightest degree controverts the position here taken. The sufficiency of the information as a pleading was in no way involved in that case. Moreover, the information being good as to one defendant it was good as against both of them when challenged by a joint demurrer. Coffee v. Dorwart, 31 S. D. 102, 139 N. W. 776; Millerke v. Reiley, 31 S. D. 342, 141 N. W. 136.

[3] Upon each of the trials the evidence on the part of the prosecution tended to show that Seubert and Rathjin forcibly took prosecutrix, who was a Russian girl 23 years of age, into their automobile from a street in Sioux Falls and drove into the country, going first to a dance hall and afterwards to a place where they took her from the car, and in the course of a few hours each had sexual intercourse with her three times, the one hol 'in? her

arms while the other accomplished the acts, and that she at all times struggled and resisted without avail.

At the conclusion of the evidence in the Seubert case the record shows the following:

"The defendant at this time asks the court to direct the state upon which count he elects to stand.

"Mr. Waggoner: The state relies on the acts of the defendant Seubert.

"Counsel for defendant states that he is not asking that the state say which one of the three acts of sexual intercourse on the part of this defendant claimed by the state that they elect to stand upon."

This may or may not have constituted an election to rely upon the specific acts of sexual intercourse claimed to have been done by Seubert, but for the purpose of this opinion we will consider that it did.

[4] After the verdict, and before judgment, Seubert moved in arrest of judgment upon the grounds of the demurrer above referred to and upon the ground that he had been convicted because of his own acts of sexual intercourse, while the defendant Rathjin had been convicted because of his own acts of sexual intercourse, and upon the ground that he had not had a preliminary examination upon the charge under which the state elected to try him, which motion was overruled. The same questions were again raised upon the motion for new trial, which motion was overruled. The objection as to the lack of a preliminary examination was not available to Seubert. The printed record on his appeal shows that he waived preliminary examination. It was not the concern of Seubert whether or not Rathjin was convicted of another offense, even though it was under the same information. Seubert was convicted, under the above-assumed election, because of his own acts of sexual intercourse with the prosecutrix. His motion in arrest of judgment was properly denied, and his motion for new trial in that behalf was properly overruled.

[5] In the Rathjin case a similar motion in arrest of judgment was made as in the Seubert case, except that it was therein stated that Rathjin was convicted because of his own acts of sexual intercourse. It is therefore claimed that, while in the Seubert case, Seubert was the principal and Rathjin the accessory, here

Rathjin was the principal and Seubert the accessory, and that conviction has been had of two distinct offenses under one information. It is argued by the state that there was in reality only one transaction, and that, inasmuch as the essential guilt of rape consists in the outrage to the person and the feelings of the female (Rev. Code 1919, § 4094), there was in reality only one offense. In support of its views the state cites State v. Winstandley, 151 Ind. 316, 51 N. E. 92; State v. Moore, 96 Minn. 422, 90 N. W. 787; State v. Blair, 45 S. D. 239, 186 N. W. 961; Com. v. Weatherhead, 110 Mass. 175; State v. Lehman, 182 Mo. 424, 81 S. W. 1118, 66 L. R. A. 490, 103 Am. St. Rep. 670; and 16 C. J. 128. But this was not the view of the court in Foster v. State, 1 Ohio Cir. Dec. 467, a sodomy case, where the court held that, if there had been carnal copulation by each of the three defendants, then there were three separate and distinct offenses. And in Commonwealth v. Miller, 2 Pars. Eq. Cas. (Pa.) 480, it was held that a joint indictment against inspectors, judges, and clerks of election was improper because the duties of each were different; hence the offenses were distinct. See, also, the following cases cited by appellants: State v. Gifford, 19 Wash. 464, 53 Pac. 709; State v. Stewart, 37 S. D. 263, 157 N. W. 1046; 1 Bishop, New Crim. Pro. 294; 12 Standard Ency. Pro. 499; Walker v. Com., 162 Ky. 111, 172 S. W. 109; U. S. v. Kazniski, 2 Spr. 7, Fed. Cas. No. 15508. But we deem it unnecessary to decide this question. Except as hereinafter stated, there is nothing in the printed record in support of the statement in the motion in arrest of judgment that Rathjin was convicted because of his own acts of sexual intercourse. From all that appears in the printed record Rathjin may have been convicted because he was accessory to the acts of Seubert. The instructions to the jury are not set out nor does such record show an election or a request for an election. To be sure, the record does disclose the following:

"No exceptions were taken to the instructions given by the court, but the instructions referred solely to the overt act of the defendant on trial, and as to whether or not the act of rape had actually been committed by him."

The above condensation of unexcepted-to instructions does not constitute a showing sufficient to justify us in reversing the judgment upon the grounds claimed above. Moreover, even if

the instructions given by the court to the jury did charge the jury to convict or acquit Rathjin according to whether they should find that he did or did not actually have sexual intercourse with prosecutrix, yet that was a matter that could be waived by Rathjin, and by failing to except to the instructions he did waive it. Therefore Rathjin was not in position to thereafter assert prejudicial error in that behalf. As to the asserted lack of preliminary examination, the record in the Rathjin case shows that he waived it. We conclude, therefore, that the trial court did not err in denying the motion in arrest of judgment nor in denying new trial on those grounds.

[6] In the Seubert appeal error is claimed in that the state was permitted to exercise a peremptory challenge to a juror after it had waived its right to make a peremptory challenge and after defendant had exercised a portion of his peremptory challenges. It is claimed that this ruling violated the order of challenge prescribed by section 4867, Rev. Code 1919. In view of section 4851, Rev. Code 1919, we think the court did not abuse its discretion in granting such permission.

In the Seubert case error is assigned upon the refusal of the court to adopt certain proposed instructions to the jury. The instructions as given are not set forth in the printed record; hence we do not review the refusal of the court to adopt defendant's proposed instructions. Peterson v. Miller, 33 S. D. 397, 146 N. W. 585; Anderson v. Anderson, 41 S. D. 32, 168 N. W. 852; Bottum v. Kamen, 43 S. D. 503, 180 N. W. 948.

In both appeals it is claimed that the evidence is insufficient to justify the verdict in that there was no corroboration of the evidence given by the prosecutrix. We will not set forth the nauseous details, but the evidence shows that immediately after prosecutrix escaped from defendants she made complaint to a woman in a nearby house. State v. Schultz, 41 S. D. 184, 169 N. W. 547.

In the Seubert appeal there are 88 assignments of error, and in the Rathjin appeal 21. Those not above disposed of relate to rulings on evidence and misconduct of counsel. We have given them all consideration, but fail to find prejudicial error.

The judgment and order denying new trial in each case are affirmed.

Note—Reported in 193 N. W. 247. See, Headnote (1), American Key-Numbered Digest, Indictment and information, Key-No. 82, 22 Cyc. 358; (2) Indictment and information, Key-No. 148, 22 Cyc. 428, 74½ New 1924 Ann.; (3) Criminal law, Key-No. 910, 968(1), 16 C. J. Sec. 2618; (4) Criminal law, Key-No. 1056(1), 17 C. J. Sec. 3345; (5) Jury, Key-No. 138(1), 24 Cyc. 365; (6) Criminal law, Key-No. 1122(5), 17 C. J. Sec. 3465.