## ASHE, WARDEN OF THE STATE PENITENTIARY, v. UNITED STATES EX REL. VALOTTA.

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA.

No. 521. Argued March 5, 1926.—Decided March 15, 1926.

Relator, having been indicted in the state court separately for each of two closely connected murders, was given a single trial on both indictments, in which he was deprived of the full number of challenges he would have had if tried separately on each. Conviction on both indictments was sustained by the state supreme court. He was discharged by *habeas corpus* in the federal District Court. *Held:*

1. The state trial court had jurisdiction even if the joinder was contrary to state law. P. 425.

2. The decision of the state supreme court on state law, with respect to the trial and the challenges, was not re-examinable. *Id.*

3. The joint trial of the two charges, and limitations of the challenges, was within the constitutional power of the State. *Id.*

4. The interference by *habeas corpus* was unwarranted. P. 426. 2 Fed. (2d) 735, reversed.

APPEAL from an order of the District Court, in *habeas corpus,* discharging the relator Valotta from the custody of the appellant, by whom he was held for execution of a death sentence pursuant to a judgment of a state court.

*Mr. James O. Campbell,* Deputy Attorney General of Pennsylvania, with whom *Messrs. George W. Woodruff,* Attorney General, *Samuel H. Gardner,* and *Harry A. Estep* were on the brief, for appellant.

*Mr. George R. Wallace,* with whom *Mr. Franklin A. Ammon* was on the brief, for appellee.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from an order on a writ of *habeas corpus* discharging the relator, Valotta, from the custody

of the appellant by whom he was held under a sentence of death. Valotta shot a man in a street brawl—we will assume, in circumstances that suggest considerable excuse—and then killed a policeman who pursued him, within a short distance from the first act. He was in-- dicted separately for the murder of each man, tried in a Court of Pennsylvania, found guilty of murder in the second degree for the first killing and guilty of murder in the first degree for the second, and was sentenced to death. The judgment was affirmed by the Supreme Court of the State. (279 Pa. 84.)

No writ of error or certiorari was applied for, Valotta having no funds and his counsel being ignorant of the statute authorizing proceedings in such cases without prepayment of fees or costs. But when the time for such proceedings had gone by, a writ of *habeas corpus* was obtained from a judge of the District Court of the United States with the result that we have stated. The grounds of the order seem to have been that Valotta was tried upon two indictments for felony at the same time and was deprived of the full number of challenges that he would have had if he had been tried separately upon each.

There is no question that the State Court had jurisdiction. But the much abused suggestion is made that it lost jurisdiction by trying the two indictments together. Manifestly this would not be true even if the trial was not warranted by law. But the Supreme Court of Pennsylvania has said that there was no mistake of law, and so far as the law of Pennsylvania was concerned it was most improper to attempt to go behind the decision of the Supreme Court, to construe statutes as opposed to it and to hear evidence that the practice of the State had been the other way. The question of constitutional power is the only one that could be raised, if even that were open upon this collateral attack, and as to that we cannot doubt that Pennsylvania could authorize the whole story

to be brought out before the jury at once, even though two indictments were involved, without denying due process of law. If any question was made at the trial as to the loss of the right to challenge twenty jurors on each indictment, the only side of it that would be open here, would be again the question of constitutional power. That Pennsylvania could limit the challenges on each indictment to ten does not admit doubt.

There was not the shadow of a ground for interference with this sentence by *habeas corpus. Frank v. Mangum,* 237 U. S. 309, 326. Extraordinary cases where there is only the form of a court under the domination of a mob, as was alleged to be the fact in *Moore v. Dempsey,* 261 U. S. 86, offer no analogy to this. In so delicate a matter as interrupting the regular administration of the criminal law of the State by this kind of attack, too much discretion cannot be used, and it must be realized that it can be done only upon definitely and narrowly limited grounds.

*Order reversed.*