### BARD v. CHILTON, Warden, et al.

### FLEMING v. SAME.

Circuit Court of Appeals, Sixth Circuit. July 8, 1927.

Nos. 4967, 4968.

**1. Habeas corpus ☞113(1)—Mistake in seeking review of dismissal of writs of habeas corpus by writ of error and absence of certificate of reasonable doubt may be disregarded (U. S. C. tit. 28, §§ 463, 466, 861).**

Under Act Feb. 13, 1925, § 10 (U. S. C. tit. 28, § 861 [Comp. St. § 1649b]), mistake in seeking review of orders dismissing writs of habeas corpus by writs of error, instead of by appeals, under section 6 (U. S. C. tit. 28, § 463 [Comp. St. § 1290c]), and absence of certificate of reasonable doubt by judge who allowed appeal (U. S. C. tit. 28, § 466 [Comp. St. § 1293]) may be disregarded.

**2. Habeas corpus ☞92(1)—On habeas corpus after conviction in state court, petitioners' right to change of venue held not reviewable.**

In habeas corpus proceeding to review conviction in state court on ground that defendants' constitutional right to due process of law had been violated, question of petitioners' right to change of venue *held* not reviewable.

**3. Constitutional law ☞268—Trial under protection of state military force is not, as matter of law, so prejudicial to defendants as to constitute denial of due process (Const. Amend. 14).**

Public excitement, such that state authorities think it prudent to call out the military force of the state to protect defendants against unlawful violence, and the holding of trial under the immediate protection of military authority, are not as a matter of law so prejudicial as to amount to a denial of due process, in violation of the Fourteenth Amendment of the federal Constitution.

In Error to the District Court of the United States for the Western District of Kentucky; Charles I. Dawson, Judge.

Separate habeas corpus proceedings by Nathan Bard and by Bunyan Fleming against John B. Chilton, Warden of the Kentucky State Penitentiary, and others. To review orders dismissing writs, petitioners bring error (writs of error being tried as appeals). Judgments dismissing writs affirmed.

Clem W. Huggins, of Louisville, Ky., for plaintiffs in error.

M. K. Gordon, of Madisonville, Ky., for defendants in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

PER CURIAM. These are writs of error to review the orders of the District Court dismissing two writs of habeas corpus, and remanding petitioners to the warden of the Kentucky state penitentiary.

[1] This review should have been by appeal (section 6, Act of Feb. 13, 1925; U. S. C. tit. 28, § 463 [Comp. St. § 1290e]); but by section 10 of the same act (U. S. C. tit. 28, § 861 [Comp. St. § 1649b]) we may disregard this mistake, and, the record sent up being the same as it would have been on appeal, we consider the case as if properly here. There should have been also a certificate of reasonable doubt, made by the judge who allowed the appeal (U. S. C. tit. 28, § 466 [Comp. St. § 1293]); but no objection has been made on this score, and, without considering how essential this certificate may be, we overlook its absence from this record.

The petitioners were indicted in the circuit court of Hopkins county, Ky., for rape, convicted, and sentenced to death. Their convictions were affirmed by the Court of Appeals of Kentucky. They applied to the United States District Court for release by habeas corpus, upon the claim that the state court trial had been in violation of their constitutional right to due process of law. [2] Some of the questions now raised pertain to the preservation and exercise of the right to a change of venue, for which the Kentucky Code conditionally provides. These questions were decided by the court of last resort in the state, and they are not open now. They involve no constitutional question, except as they touch the claim chiefly relied on, which is that the court and jury did not and could not give a free and impartial trial, but acted under the coercion of the mob and the mob spirit in the community. The District Judge gave a patient hearing and listened to many witnesses. There was some testimony tending to show that the local situation and public excitement were such as to embarrass or even prevent the giving of the constitutional fair trial; but the preponderance of evidence is to the contrary. The District Judge accepted such contrary view; and not only would we give great respect to his determination, but we are compelled to reach the same conclusion.

[3] We are satisfied that there is no sufficient basis for sustaining petitioners' contention, unless we must say as a matter of law that, where there is such public excitement that the state authorities think it prudent to call out the military force of the state to protect a respondent against unlawful violence, and where the trial is held under the immediate protection of this military authority, and where some incipient disorder is by that force sternly suppressed, the trial, for that reason alone, is not due process of law. This we cannot say. The Supreme Court has considered this kind of situation in Frank v. Mangum, 237 U. S. 309, 35 S. Ct. 582, 59 L. Ed. 969, and Moore v. Dempsey, 261 U. S. 86, 43 S. Ct. 265, 67 L. Ed. 543, and an analogous matter in Ashe v. U. S., 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662. Under the principles of those cases and the facts shown by this record, the federal courts cannot interfere.

The judgments dismissing the writs of habeas corpus must be affirmed. In order that the petitioners may have an opportunity to apply to a justice of the Supreme Court for a stay, pending any attempted review in that court, our mandate will be delayed until July 10th; but on that day, in the absence of a Supreme Court stay, it will issue.