JOHNSON v. MIDDLEBROOKS, Sheriff, et al.
SWAIN v. HICKS, Sheriff, et al.

Circuit Court of Appeals, Fifth Circuit.
October 25, 1927.

Nos. 4999, 5022.

1. Habeas corpus ⊜⇒54—Habeas corpus petitions, alleging that trials of criminal prosecutions in state court were affected by mob spirit and violated constitutional rights, held insufficient to show trial by jury was nullity.

Petitions for habeas corpus, alleging that criminal prosecutions in state court were conducted under influence of mob spirit, without regard to defendants' legal rights under the state and federal Constitutions, that trial, conviction, and sentence to death were without due process of law and void, and that during trial court permitted jury in charge of bailiffs to visit scene of homicide, unattended by trial judge, held insufficient to make out a case of the trials by jury being sham or nullity because of vitiating influences under which they were conducted, for absence of allegations of supporting facts.

2. Habeas corpus ⊜⇒30(1)—Errors of state trial court in criminal prosecution held not reviewable by habeas corpus.

Errors committed by state trial court in trial of criminal prosecutions did not affect court's jurisdiction to try the cases, and cannot be reviewed by habeas corpus.

Appeals from the District Court of the United States for the Middle District of Georgia; William J. Tilson, Judge.

Petitions for habeas corpus by Wade Johnson against J. C. Middlebrooks, Sheriff of Jones County, Ga., and others, and by James A. Swain against J. R. Hicks, Jr., Sheriff of Bibb County, Ga., and others. Petitions denied, and petitioners appeal. Affirmed.

Joseph E. Pottle, of Milledgeville, Ga., and W. A. McClellan, of Macon, Ga., for appellant Johnson.

W. O. Cooper, Jr., of Macon, Ga., and J. R. Terrell, of La Grange, Ga., for appellant Swain.

T. R. Gress, Asst. Atty. Gen., of Georgia, for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. [1] These two appeals are from orders denying petitions for the writ of habeas corpus, one of which petitions was sued out by a person who was in custody under process issued under a judgment of a Georgia state court convicting him of rape and sentencing him to death, and the other of which petitions was sued out by a person who was in custody under process issued under a judgment of a court of the same state convicting him of murder and sentencing him to death, both of which judgments were affirmed by the Supreme Court of Georgia.

In the first-mentioned case the judgment of conviction was attacked on the grounds that it was rendered invalid by the action of the court in which the case was tried, in denying a motion for continuance made by the accused, and that, as stated in the petition in that case, petitioner's "restraint is illegal because his trial, conviction and sentence to death, in the superior court of Jones county aforesaid, on the 26th day of May, 1924, was conducted from beginning to end under the spirit of mob domination; that he was hurried to conviction under mob influence, without regard for his legal rights guaranteed to him under both state and federal Constitutions; that his trial, conviction, and sentence to death were without due process of law, and were absolutely null, void, and of no legal effect." In the other case, the attack on the judgment of conviction was based on the action of the trial court during the trial in permitting the jury, in charge of two bailiffs, to leave the court room, and go to and view the scene of the homicide a short distance from the courthouse, unattended by the trial judge, and that the trial of the petitioner "from beginning to end was conducted under a mob spirit, although a trial in form was void in substance."

Neither of the petitions contained allegations of facts furnishing any support for a conclusion that at the time of the trial there was any mob spirit affecting it, that the trial was dominated by a mob, or that there was any actual interference with the course of justice. Those allegations fall far short of making out a case of a trial by jury being a sham or nullity, because of vitiating influences under which it was conducted.

[2] The other actions of the trial courts which were made the bases of attacks on the judgments were reviewable by the Supreme Court of Georgia, and were reviewed by that court. If the trial courts erred in those matters, such errors did not affect the jurisdiction of those courts to try the cases, and cannot be reviewed by habeas corpus. Ashe v. Valotta, 270 U. S. 424, 46 S. Ct. 333, 70 L. Ed. 662; Frank v. Mangum, 237 U. S. 424, 35 S. Ct. 582, 59 L. Ed. 969. Neither of the petitions discloses a state of facts warranting an interference with the execution of the process of a state court, issued under a judgment of conviction rendered by it.

The orders are affirmed.