**FLEENOR v. HAMMOND.**

No. 85.

District Court, W. D. Kentucky,
Louisville Division.

Aug. 10, 1939.

Leslie W. Morris and Marion Rider, both of Frankfort, for petitioner.

W. Owen Kellar, Asst. Atty. Gen., for respondent.

MILLER, District Judge.

This matter is before the Court on a petition for a Writ of Habeas Corpus filed by the petitioner, Lee Fleenor, against James W. Hammond, Superintendent of the Kentucky State Reformatory, in which institution the petitioner is now confined. The petition is uncontroverted and sets out the following facts:

At the April 1934 term of the Circuit Court of Harlan County, Kentucky, the petitioner was convicted of the offense of voluntary manslaughter and sentenced to serve 15 years in the State Reformatory. On November 30, 1934 he was placed in confinement in the Reformatory and began to serve his sentence. On December 4, 1935 Governor Ruby Laffoon, then Governor of Kentucky, by an executive order granted to the petitioner a pardon upon the following terms and conditions:

"First, that the said named persons, and each of them, will, until the expiration dates of the sentences which they are now serving, conduct themselves as useful, upright and law-abiding citizens of the Commonwealth of Kentucky; and provided that if any of them shall fail to so conduct themselves for said period, those so failing may, by executive order made and entered upon the Executive Journal, be re-arrested and re-confined in either of the two named penal institutions of the Commonwealth of Kentucky, and be required to serve out the full unexpired terms of their respective sentences.

"Second, that if any person granted executive clemency herein by this executive order shall, before the date on which his sentence would have expired, be convicted of a felony in any of the courts of this Commonwealth, the pardon hereby granted said person shall be null and void and of no effect, and said person shall be subject to arrest and shall be required to serve the unexpired portion of the sentence for which he is now incarcerated.

"Third, that if the persons hereinabove named conduct themselves as law-abiding citizens and violate none of the conditions of this executive order. and of this conditional pardon, then they, and each of them, shall on the dates shown herein as the dates when their respective terms would have expired had they remained in prison be granted a full and free pardon and restored to full citizenship, and all the rights and privileges thereof; and they and each of them shall be privileged thereafter to exercise and enjoy citizenship as other citizens, provided, of course, they do not violate any of the conditions of this conditional pardon, and that they do not violate any of the conditions upon which this onditional pardon is granted."

The petitioner accepted the pardon and on December 4, 1935 was released from the Reformatory. On December 10, 1938 Edwin C. Dawson, then acting Governor of Kentucky, entered an executive order reading in part as follows:

"Whereas, the said Lee Fleenor has heretofore and since the issual of said conditional pardon flagrantly, frequently, openly, willfully, and knowingly violated the conditions subsequent of said pardon, as enumerated above, and is now conducting himself in a manner violative of the conditions above, all of which is known to A. B. Chandler, Governor, and

"Whereas, the undersigned Governor of the Commonwealth of Kentucky is of the opinion that said conditional pardon should be, and the same is hereby revoked and held for naught, and the said Lee Fleenor should not be permitted to further enjoy the privileges provided for under the said conditional pardon:

"Now, therefore, it is ordered that the said conditional pardon granted on the 4th day of December, 1935, by Ruby Laffoon, then Governor, be revoked, set aside, canceled and held for naught insofar as the same pertains to Lee Fleenor of Harlan County, Kentucky.

"It is further ordered that the said Lee Fleenor be re-arrested and returned to the Reformatory at LaGrange, Oldham County, Kentucky, and committed to said institution to serve out the remainder of his sen-

tence imposed in the Harlan Circuit Court at the April special term, 1934, wherein he received a sentence of fifteen years upon the charge of manslaughter."

This order was entered without any notice to the petitioner and without any opportunity being given to the petitioner to be heard prior to its entry. On December 11, 1938 petitioner was arrested by a peace officer acting under the executive order and was summarily returned against his will into the custody of the respondent to complete the remainder of the original 15 year sentence.

■ On January 24, 1939, the petitioner instituted habeas corpus proceedings before James Hall, Judge of the Oldham County Court of Kentucky, the Circuit Judge being absent from the county. On January 25, 1939 before the hearing was held the Commonwealth through the Attorney General instituted a proceeding in the Court of Appeals of Kentucky against the County Judge to prohibit him from proceeding further with the petitioner's application for a writ of habeas corpus. The Court of Appeals issued a temporary stay order and thereafter on March 24, 1939 held that his confinement in the Reformatory under the foregoing circumstances did not constitute a denial of due process of law and ordered that the temporary writ of prohibition be made permanent. Commonwealth of Kentucky ex rel. Meredith v. Hall, 277 Ky. 612, 126 S.W.2d 1056. Thereafter the petitioner filed the present proceedings in this Court. Jurisdiction of this Court in the matter is properly claimed under 28 U.S.C.A. §§ 452 and 453.

The petitioner claims that the conditional pardon granted to him did not reserve to the Governor of the State the power to determine a violation of the conditions subsequent of said pardon; that no Kentucky Statute exists vesting in the Governor the power to make such a determination; that there has been no judicial determination that the terms of his conditional pardon have been violated; and that the revocation of his pardon by the acting Governor without notice to the petitioner and without an opportunity to be heard and without a judicial determination of the question, followed by his present re-confinement, constitutes a denial to him of due process of law and an invasion of his constitutional rights under the 14th Amendment to the Constitution of the United States, U.S.C.A. The contention of the Commonwealth is that the conditional pardon reserves to the

Governor the right to revoke the pardon by executive order when in the Governor's judgment the terms of the conditional pardon had been violated, and that no notice or judicial determination was therefore necessary. The Court of Appeals of Kentucky in its decision, reported in Commonwealth of Kentucky ex rel. Meredith v. Hall, County Judge, 277 Ky. 612, 126 S.W.2d 1056, took the same view.

■ Both the petitioner and the Commonwealth are in practical agreement as to the general principles of law pertaining to conditional pardons. There is no statutory law in Kentucky on the subject, and the common law, which is therefore applicable, appears fairly well settled.

■ The constitutional power to grant a pardon, viewed in the light of the English Common Law, carries with it the right to impose conditions limiting its operation, provided such conditions are not illegal, immoral, or impossible of performance. When such a conditional pardon is accepted by a convict, he is bound by its provisions. Ex parte Davenport, 110 Tex.Cr.R. 326, 7 S.W. 2d 589, 60 A.L.R. 1403 and Note; 20 Ruling Case Law, Page 569, Ex parte Wells, 18 How. 307, 15 L.Ed. 421.

■ If the person receiving the conditional pardon subsequently violates the condition imposed, the pardon is forfeited and the convict so conditionally pardoned is subject to re-arrest and to recommitment under the original sentence. State v. Horne, 52 Fla. 125, 42 So. 388, 7 L.R.A.,N. S., 719; In re Williams, 149 N.C. 436, 63 S. E. 108, 22 L.R.A.,N.S., 238; State v. Barnes, 32 S.C. 14, 10 S.E. 611, 6 L.R.A. 743, 17 Am.St.Rep. 832. Note in 60 A.L.R. at page 1419 with citations. 20 Ruling Case Law, page 569.

■ If there is no statutory provision authorizing the Governor or other executive officer to determine whether or not the pardon has been violated, and if the conditional pardon itself does not contain any such express reservation of authority, there is no authority to revoke the pardon without a hearing, but the convict is entitled to a hearing for the purpose of showing that the alleged violation of the pardon has not occurred. Alvarez v. State, 50 Fla. 24, 39 So. 481, 111 Am.St.Rep. 102, 7 Ann.Cas. 88; State ex rel. v. Wolfer, 53 Minn. 135, 54 N.W. 1065, 19 L.R.A. 783, 39 Am.St.Rep. 582; Ex parte Ridley, 3 Okl.Cr. 350, 106 P. 549, 26 L.R.A.,N.S., 110; Ex parte Hough-

ton, 49 Or. 232, 89 P. 801, 9 L.R.A.,N.S., 737, 13 Ann.Cas. 1101; People v. Burns, 77 Hun. 92, 28 N.Y.S. 300, affirmed in 143 N. Y. 665, 39 N.E. 21; 20 Ruling Case Law, page 572. Note in 54 A.L.R. at page 1474, and cases cited. In People v. Moore, 62 Mich. 496, 29 N.W. 80, the Court held unconstitutional as a denial of due process of law the provision of a statute dispensing with the preliminary examination of a convict being held for alleged violation of a conditional pardon. The opinion contains a strong denunciation of such arbitrary procedure.

It has been held in several cases that if the conditional pardon expressly reserves the right to the Governor to revoke the pardon for cause specified therein, his judgment is conclusive in the matter and the prisoner is not entitled to a hearing. Arthur v. Craig, 48 Iowa 264, 30 Am.Rep. 395; Ex parte Frazier, 91 Tex.Cr.R. 475, 239 S.W. 972; Spencer v. Kees, 47 Wash. 276, 91 P. 963; Ex parte Houghton, 49 Or. 232, 89 P. 801, 9 L.R.A.,N.S., 737, 13 Ann. Cas. 1101; 20 Ruling Case Law, page 573.

This ruling is based on the proposition that the prisoner has had his day in court when he was tried and convicted of the offense for which he was later pardoned, which completely satisfied the constitutional requirement of due process of law, and that in accepting a conditional pardon which reserved the right in the Governor to revoke it without a hearing, he agreed to an offer of temporary liberty which he was free to either accept or reject, and was accordingly bound by his contract with the sovereign.

In the present case, therefore, the question narrows down to whether or not the conditional pardon granted the petitioner expressly reserved by its terms the right in the Governor to revoke the pardon without a hearing. If no such power was so reserved the petition for the writ should be granted. If such power was so reserved its exercise by the Governor has not been illegal and the petition for the writ should be dismissed.

The Court of Appeals of Kentucky has held that such power was reserved to the Governor by the terms of the conditional pardon, and that the Governor had the right to determine without a hearing whether or not it had been revoked and to act upon his determination. Commonwealth of Kentucky ex rel. Meredith v. Hall, County Judge, 277 Ky. 612, 126 S.W.2d 1056. Except for this decision of the question by the highest court of the State of Kentucky, this Court would be inclined to grant the writ without prejudice to the Commonwealth to proceed against the petitioner upon notice and hearing of charges. The reservation of power to revoke the pardon claimed by the Governor is implied rather than expressed. That portion of the pardon, reading "if any of them shall fail to so conduct themselves for said period, those so failing may, by executive order made and entered upon the Executive Journal, be re-arrested and reconfined," is somewhat ambiguous as to the procedure to revoke. Although it clearly makes the revocation effective by the entry of the executive order, yet it does not say that the executive order·can be entered without notice or without a hearing. Nor does it say that the decision to revoke, which precedes the entry of the executive order and which the executive order makes effective, can be reached without notice or without a hearing. On the contrary, it specifically provides as a condition precedent to the entry of the executive order that the convict must have failed to have conducted himself as a useful, upright and law-abiding citizen. It does not say who shall make such a finding before the executive order is entered. It is certainly a possible construction of the words used that either the Judge of, or a jury in, the court of original jurisdiction make such a finding which certified to the Governor, becomes the basis for the entry of the executive order referred to. Even if we assume that the words used give the Governor the power to make the finding, it does not expressly give him the power to make such a finding without a hearing. The record does not disclose what, if any, evidence, even ex parte or hearsay, was considered. The dangers inherent in ex parte proceedings, in reliance upon hearsay testimony, in reliance upon oral or even written statements of unsworn witnesses, acceptance at face value of the testimony of partisan or interested witnesses, are so well known to the legal profession that any Court should hesitate to deprive a prisoner of his right to protect himself against such dangers unless it is clear and unambiguous that he has voluntarily given up that right. In the present case this Court does not believe that the conditional pardon clearly and unambiguously reserved such arbitrary power to the Chief Executive and that the petitioner was therefore entitled to at least a hearing, with the right to cross examine adverse witnesses and restricted to competent

testimony, on the question of his alleged violation of the terms of his pardon.

However, it is well settled that the Federal District Court should not permit the writ of habeas corpus to take the place of an appeal from the judgment of a state court, or to substitute its judgment for that of the state court, or to exercise any general review over the proceedings of a state court, but that it should be restricted to determining only that the fundamental rights of the prisoner have not been taken from him arbitrarily. Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969. In United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 3, 70 L.Ed. 138, the Supreme Court stated the rule as follows: "The rule has been firmly established by repeated decisions of this court that the power conferred on a federal court to issue a writ of habeas corpus to inquire into the cause of the detention of any person asserting that he is being held in custody by the authority of a state court in violation of the Constitution, laws, or treaties of the United States, is not unqualified, but is to be exerted in the exercise of a sound discretion. The due and orderly administration of justice in a state court is not to be thus interfered with save in rare cases where exceptional circumstances of peculiar urgency are shown to exist. Ex parte Royall, 117 U.S. 241, 250–253, 6 S.Ct. 734, 29 L.Ed. 868; In re Wood, 140 U.S. 278, 289, 11 S.Ct. 738, 35 L.Ed. 505; In re Frederich, 149 U.S. 70, 77, 78, 13 S.Ct. 793, 37 L.Ed. 653; New York v. Eno, 155 U.S. 89, 98, 15 S.Ct. 30, 39 L.Ed. 80; Whitten v. Tomlinson, 160 U.S. 231, 240–242, 16 S.Ct. 297, 40 L.Ed. 406; Baker v. Grice, 169 U.S. 284, 290, 18 S.Ct. 323, 42 L.Ed. 748; Tinsley v. Anderson, 171 U.S. 101, 104, 105, 18 S.Ct. 805, 43 L.Ed. 91; Davis v. Burke, 179 U.S. 399, 401–403, 21 S.Ct. 210, 45 L.Ed. 249; Riggins v. United States, 199 U.S. 547, 549, 26 S.Ct. 147, 50 L.Ed. 303; United States ex rel. Drury v. Lewis, 200 U.S. 1, 6, 26 S.Ct. 229, 50 L.Ed. 343; Glasgow v. Moyer, 225 U.S. 420, 428, 32 S.Ct. 753, 56 L.Ed. 1147; Johnson v. Hoy, 227 U.S. 245, 247, 33 S.Ct. 240, 57 L.Ed. 497."

In Ashe v. United States ex rel. Valotta, 270 U.S. 424, 46 S.Ct. 333, 334, 70 L.Ed. 662, the Supreme Court restated the rule in the following words: "In so delicate a matter as interrupting the regular administration of the criminal law of the State by this kind of attack too much discretion cannot be used, and it must be realized that it can be done only upon definitely and narrowly limited grounds."

This rule has heretofore been followed by the Federal Court of this District under previous judges which rulings have been approved by the Circuit Court of Appeals for this Circuit. Bard v. Chilton, 6 Cir., 20 F.2d 906; Jones v. Commonwealth of Kentucky, 6 Cir., 97 F.2d 335, 336. In the Jones case the District Judge was strongly of the opinion that the prisoner had been deprived of his constitutional rights, but nevertheless declined to set aside the judgment of Kentucky's court of last resort and passed the matter to the Circuit Court upon his certificate of probable cause. That procedure was approved by the Circuit Court which stated in its opinion: "the United States District Judge, now a judge of this court, seemingly convinced that appellant's constitutional rights were impaired and that his conviction was procured by perjured testimony, questioned the power and propriety of a single district judge to reverse the decision of the highest court of the state, and with commendable restraint, contented himself with the issuance of a certificate of probable cause to permit decision by a court clothed with greater authority." That opinion also said: "We are not insensible to the extraordinary nature of the writ and the caution that must be exercised in granting it where, as here, the petitioner has been denied relief by the courts of the state. * * It is not a substitute for appeal, * * * and errors of law upon the trial are not through it subject to review." In that case the Appellate Court agreed with the view of the District Judge, and after approving the procedure adopted by him set aside his order dismissing the writ and remanded the cause to the District Court with instructions to discharge the appellant from custody without prejudice to the right of the Commonwealth to take subsequent proceedings. In the present case exceptional circumstances of peculiar urgency are not shown to exist, and accordingly the procedure heretofore approved by the opinion in Jones v. Commonwealth of Kentucky, supra, will be followed. The petition for a writ of habeas corpus is accordingly dismissed, but with the statement that the Court is of the opinion that there exists probable cause for an appeal and with the issuance of its certificate of such probable cause, as provided by 28 U.S.C.A. § 466.