374

Ex parte UNITED STATES ex rel. ANDER-
SON, Seaman First Class, United
States Navy.

Civil Action No. 1678-M.

District Court, S. D. Florida, Miami Division.
July 22, 1946.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Hayford O. Enwall, Asst. U. S. Atty., of Miami, Fla., for petitioner.

HOLLAND, District Judge.

A petition for writ of habeas corpus on the relation of one C. D. Anderson, a Seaman First Class, was presented by the Assistant District Attorney in Charge of the Miami Office. Anderson is confined in the County Jail in Martin County, Florida, as the result of a criminal charge against him for reckless driving of a Navy truck on June 26, 1946, when he was arrested by civilian authorities and lodged in the County Jail. The petition alleges that Anderson was so engaged on official Navy business and duty in driving a Navy truck, which was a part of a Navy motor convoy engaged in transporting certain Navy equipment from Dade County to Duval County, Florida, and that while he was so engaged on official business his truck collided with a moving truck or van operated by a civilian driver. It is claimed that despite the cessation of major hostilities between the United States and those of other Nations that a state of war has not been finally concluded or terminated. It is claimed that Anderson's imprisonment by the State Sheriff is illegal in that it constitutes an interference and an obstruction of the operation of the Government of the United States and of the Navy in the performance of necessary functions through the interruption of continued naval service of the said Anderson in time of war.

The controlling statute is 28 U.S.C.A. § 453. The general rule is set out in numerous United States Supreme Court cases, among which are Bergemann v. Backer, 157 U.S. 655, 15 S.Ct. 727, 39 L. Ed. 845; Whitten v. Tomlinson, 160 U.S. 231, 16 S.Ct. 297, 40 L.Ed. 406; Ohio v. Thomas, 173 U.S. 276, 19 S.Ct. 453, 43 L. Ed. 699; Ashe, Warden, etc., v. United States ex rel. Valotta, 270 U.S. 424, 46 S. Ct. 333, 70 L.Ed. 662; Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 50 L.Ed. 256; and Kentucky v. Powers, 201 U.S. 1, 26 S.Ct. 387, 50 L.Ed. 633, 5 Ann.Cas. 692. Numerous decisions of inferior courts among which may be mentioned are Cunningham v. Skiriotes, 5 Cir., 101 F.2d 635; Ex parte Roberts et al., D.C., 10 F.2d 163; In re Wulzen, D.C., 235 F. 362, Ann.Cas.1917 A, 274.

The Government suggests that case 235 F. 362, a District Court decision, is illustrative of the Government's position in this case. It is to be observed, however, that there the soldiers were engaged in the discharge of their duty in endeavoring to get recruits in mobilizing the State Guard incident to the Proclamation of the President. In Anderson's case there is not shown any interruption in the performance

of duty by direct interference, but that interruption of his duties is a mere incident resulting indirectly by his arrest for violation of traffic laws. The language of the Circuit Court of Appeals for the Eighth Circuit in Castle v. Lewis, 8 Cir., 254 F. 917, text 922, is considered very appropriate. It is not shown here that the confinement of Anderson has so seriously interfered with the enforcement of the laws of the United States, or with the operation of the Government that this is a case of emergency or urgency which would justify or require a departure from the general rule.

That which I have stated herein is sufficient reason for the action of the Court in denying the petition, but incidentally the Court refers to these facts. I understand that bond has been set in a reasonable amount, the giving of which has not been complied with. Also there is noticeable absence from this petition of any allegation that the machinery for any court martial proceedings has been set by the Navy for the handling of this case. There is no prayer that Anderson be turned over to the Executive Officer of a judicial inquiry body designed to inquire into the facts of the case by court martial proceedings. It is quite true that under 28 U.S.C.A. § 461 the duty of the Court on a summary hearing is to dispose of the party as law and justice requires. This matter could be dealt with at that time. However, a better showing would be made in the application for the issuance of this writ if that arrangement for court martial hearing had been preliminarily accomplished.

Anderson's confinement is an incident to the use of the highways. He was arrested. Jurisdiction exists in the State courts to try Anderson for the offense of violating traffic laws, and the interference with the discharge of his official duties was incidental rather than a purposeful act on the part of the civilian driver or the Sheriff who confines him at this time. These deductions are fair conclusions from the facts stated in the petition, and those that are not stated therein.

The Court is of the opinion no showing is made which should cause the Court in the exercise of its discretion to issue this writ.

The prayer of the petition is denied.