STATE, Respondent v. BEST, Appellant

(75 N.W.2d 913)

(File No. 9503. Opinion filed April 11, 1956)

**Phil Saunders,** Atty. Gen., **Walter Mueller,** Asst. Atty. Gen., Pierre, **Robert W. Gunderson,** State's Atty., Rapid City, for Plaintiff-Respondent.

**Parker & Parker,** Deadwood, for Defendant-Appellant.

ROBERTS, P. J. Appellant Lloyd E. Best and two others, Fred Eagle Tail and Nathan O. Swan, were charged in separate informations with the crime of rape. Neither information refers to the others, but the allegations in each name the same person upon whom the offense was committed and specify the same day as the time of its commission. The record shows the convening of the court, the appearances of the state's attorney and counsel for the defendants, waiver of the reading of the informations, separate arraignment of defendants, the pleas and the selection and swearing of the jury. No objection was made by defendants or their counsel to a joint trial on the three informations. The testimony of the state as to the three alleged offenses was introduced and when completed the state rested. Defendants introduced the testimony of one witness in support of the claim that prosecutrix was of the age of consent. The jury returned separate verdicts finding each of the defendants guilty. They were severally sen-

tenced to terms of imprisonment and defendant Best, represented by counsel who did not appear for him in the trial, has appealed.

The grounds for reversal relied upon by appellant are, first, that the court was without authority to consolidate for trial the three cases wherein defendants were charged by separate informations with separate and distinct offenses and, second, that appellant was prejudiced by reception in evidence of written admissions made by his codefendants which were inadmissible as against him.

SDC 34.3009 defines the classes of offenses that may be joined in an information and provides that if two or more informations against an accused are filed in such cases of cognate offenses in the same court they may be consolidated. SDC 34.3625 provides that defendants jointly charged with a felony shall be jointly tried unless the court in its discretion, on application prior to trial, orders separate trials. There is no authority in these sections for the consolidation for trial of informations charging two or more defendants with separate and distinct offenses. In support of his claim that the court disregarded the rights of the defendants and without authority consolidated the trials appellant relies upon McElroy v. United States, 164 U.S. 76, 17 S.Ct. 31, 33, 41 L.Ed. 355, wherein the court said: "While the general rule is that counts for several felonies of the same general nature, requiring the same mode of trial and punishment, may be joined in the same indictment, * * * such joinder cannot be sustained where the parties are not the same, and where the offenses are in nowise parts of the same same transaction, and must depend upon evidence of a different state of facts as to each or some of them. It cannot be said in such case that all the defendants may not have been embarrassed and prejudiced in their defense, or that the attention of the jury may not have been distracted to their injury in passing upon distinct and independent transactions."

The contention of the state is that the appellant and his codefendants aided each other and had a common design in the commission of the offenses and could have been jointly charged in one information and tried together. See

State v. Rathjin, 46 S.D. 412, 193 N.W. 247. There is support in the record for this contention. The testimony at the trial was that on September 24, 1953, the three defendants and prosecutrix were at the home of appellant Best in Rapid City. She testified that defendants acting together forcibly took her into a bedroom, removed part of her clothing and each had sexual intercourse with her. It is argued that a joint trial of the three defendants on separate informations would not then differ from a single trial of the defendants jointly charged.

 If appellant had a right to a separate trial, he has not preserved the question for review. This court has held that the right to a separate trial may be waived. State v. Sauter, 48 S.D. 409, 205 N.W. 25; see also 23 C.J.S., Criminal Law, § 939. Since it does not appear from the record that appellant objected to the consolidation of the three informations for trial it will be assumed that he acquiesced in the joint trial. Appellant asserts, however, that the consolidation not based on a statute was a violation of the right of due process and that consent did not justify the invasion of such right. The offenses with which defendants were charged were within the jurisdiction of the court and the court acquired jurisdiction over the person as to each of the defendants. We cannot agree that this jurisdiction was lost because of the consolidation. It has been held that an error committed in this regard is not a denial of due process. Ashe v. United States ex. rel. Valotta, 270 U.S. 424, 46 S.Ct. 333, 70 L.Ed. 662; Commonwealth v. Gallo, 275 Mass. 320, 175 N.E. 718, 79 A.L.R. 1380; see also People v. Aguinaldo, 3 Cal. App.2d 254, 39 P.2d 505; People v. Shepherd, 14 Cal.App.2d 513, 58 P.|2d 970. In the Ashe case, supra, it appears that the accused was tried upon two indictments at the same time. Reversing the decision below which held that there was a denial of the right of due process the court said [270 U.S. 424, 46 S.Ct. 334]: "There is no question that the State Court had jurisdiction. But the much abused suggestion is made that it lost jurisdiction by trying the two indictments together. Manifestly this would not be true even if the trial was not warranted by law."

The offenses herein were provable substantially by the

same evidence and it cannot be said that the jury may have been confused by passing upon disconnected and unrelated accusations. The concept of fundamental fairness essential to due process was not violated.

 The further question to be decided is whether the trial court committed prejudicial error in receiving in evidence the written admissions of codefendants implicating appellant. Defendants were confined in the Pennington County jail and on the day of their arrest were brought into the sheriff's office where each individually and not in the presence of the other defendants was questioned by the sheriff. Each read and signed a statement which was written in longhand by the sheriff. These statements with minor discrepancies detail the same happenings before and after arrival of the defendants in the home of the appellant and each admits his own participation in the offenses charged. It is the general rule that a confession or admission of one charged with a crime in which a codefendant is implicated is not competent as to the codefendant. State v. De Masters, 15 S.D. 580, 90 N.W. 852. It has been held, however, that the prejudicial effect may be obviated by an instruction that the confession or admission must be considered by the jury only as against the defendant who made it. 1 R.C.L., Admissions and Declarations, § 118; 4 A. & E,Ann. Cas. 918. Counsel interposed general objections, and did not request a direction by the court that the jury consider each statement only in passing upon the guilt or innocence of the person making it. Since the defenses here were not antagonistic and the voluntary admissions were substantially the same, we think that the claim of prejudicial error is without merit.

Judgment affirmed.

All the Judges concur.

WHITNEY, Circuit Judge, sitting for RENTTO, J., disqualified.