**Ex parte BERMAN.**

District Court, D. Maryland.
April 28, 1936.

**CHESNUT, District Judge.**

In this petition for habeas corpus the petitioner, Louis Berman, seeks release from confinement in the Maryland Penitentiary where he was sentenced to life imprisonment by judgment of the Criminal Court of Baltimore in 1928, after verdict of the jury finding him "guilty of murder in the first degree." His defense

in that case was based on insanity. His contention is that the judgment is void because the verdict did not specifically find that he was sane at the time of the commission of the crime and at the time of the trial as required by the Maryland Code, art. 59, § 6, which, at the time of the trial, provided as follows: "When any person indicted for a crime, offense or misdemeanor shall allege insanity or lunacy in his or her defense, the jury impaneled to try such person shall find by their verdict whether such person was at the time of the commission of the alleged offense or still is insane, lunatic or otherwise." No appeal was taken from the judgment.

The form of the verdict was in accordance with the established practice which had prevailed in the Criminal Court of Baltimore for many years prior thereto in such cases; but a year or two later in the case of Price v. State of Maryland, 159 Md. 491, 151 A. 409, the Court of Appeals (three of seven judges dissenting) held that the statute required the jury in such a case to separately and specifically find on the issue as to insanity and that a judgment based on a verdict merely of "guilty of murder in the first degree," could not properly be entered where the defense was insanity. Three years later the Maryland Legislature amended the law and in effect re-established the prior practice. Maryland Code Supp.1935, art. 59, § 6.

■ After the decision in the Price Case the petitioner in this case sought release on habeas corpus in the Maryland State Courts. The Maryland practice provides for issuance of the writ of habeas corpus by any of the State Judges but does not provide an appeal from their decisions. The refusal of the writ in one case is therefore not regarded as res adjudicata. Acting on this principle, the petitioner has from time to time thereafter unsuccessfully sought release from imprisonment by petitions for habeas corpus writs (in the language of the present petition) "to practically every Judge in the State of Maryland and two Governors. He now finds that he has exhausted all means of relief provided by the State of Maryland."

His last petition to a State Judge was filed February 26, 1936 in the Baltimore City Court and refused by Judge Eugene O'Dunne, therein presiding at the time. His opinion in the case was published in the Baltimore Daily Record of February 28, 1936, and reviews the numerous prior petitions by the same petitioner and sets out among others the opinion of Judge F. Neal Parke (one of the Judges of the Court of Appeals, who wrote the principal opinion of the Court in the Price Case) giving his reasons (while presiding at Circuit) for refusing the writ. It appears that the petitioner's successive petitions for the writ have been dismissed on their legal merits and not merely on procedural grounds.

■ In the above mentioned opinion by Judge O'Dunne he suggested that as the petitioner was claiming that he had been denied due process of law under the Fourteenth Amendment, he could probably raise that question in the federal courts. Very possibly it is in consequence of this suggestion that the petitioner has now presented his petition here. A similar petition for habeas corpus was presented in this court by this petitioner some two or three years ago and refused by direction of Judge Coleman on the ground that no federal question was presented. The writ must now again be denied for the same reason. Although the petition specifically states that the petitioner is restrained of his liberty contrary to the Thirteenth and Fourteenth Amendments to the Constitution of the United States, no facts are stated in the petition to support the statement. The Thirteenth Amendment is obviously not in point and the facts stated do not, in my opinion, show a denial of due process of law by the State.

■ It is to be noted that the petitioner is confined by virtue of a commitment based on a judgment of the Criminal Court of Baltimore, a court of general jurisdiction in criminal cases for Baltimore City. He is, therefore, in confinement under the laws of the State of Maryland and not of the United States. In such a situation it is only in rare and exceptional cases that writs of habeas corpus are issued by the federal courts. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 18, 46 S.Ct. 1, 70 L.Ed. 138. The authority for the issuance of such writs and the procedure thereon is prescribed and regulated by the statutes of the United States principally to be found in the United States Code, title 28, §§ 451 to 466, both inclusive (28 U.S.C.A. §§ 451–466), of which sections 453 and 455 are particularly in point in this case. Section 453 provides: "The writ of habeas corpus shall in no case

extend to a prisoner in jail unless where he is in custody under or by color of the authority of the United States, or is committed for trial before some court thereof; or is in custody for an act done or omitted in pursuance of a law of the United States, or of an order, process, or decree of a court or judge thereof; or is in custody in violation of the Constitution or of a law or treaty of the United States;" Section 455 provides: "The court, or justice, or judge to whom such application is made shall forthwith award a writ of habeas corpus, *unless it appears from the petition itself that the party is not entitled thereto."* (Italics supplied.)

In this case the petition itself shows that the petitioner is not entitled to the writ and it therefore would be idle and a useless formality to issue it as it would have to be denied. In Ex parte Terry, 128 U.S. 289, 301, 9 S.Ct. 77, 78, 32 L.Ed. 405, the Supreme Court said: "The writ need not, therefore, be· awarded, if it appear upon the showing made by the petitioner that, if brought into court, and the cause of his commitment inquired into, he would be remanded to prison."

 It may be assumed that the petitioner has now exhausted his remedies in the Maryland State Courts, and if so, it is not doubted that the federal courts would have authority to grant the petitioner relief if in fact, as alleged, his conviction and consequent imprisonment was really in violation of the requirement of the Fourteenth Amendment, that it must have been attended with due process of law. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406. But the petitioner here makes no such case. It is not alleged that the petitioner did not receive a full and fair trial on the merits of his case in the Criminal Court of Baltimore; nor that he was deprived of the right therein to submit fully available testimony as to his alleged insanity. Nothing is alleged from which it could be possibly inferred that his trial was not in all respects fair and free and in accordance with the then prevailing practice in the court. It further appears that he was represented by very competent counsel. All that is complained of is the alleged error in procedure with respect to the form of the verdict. As the law then stood, it may be assumed, as was decided shortly thereafter in a similar case by a divided court, that an appeal from the judgment against the petitioner if taken would have resulted in a reversal with a mandate for a new trial. But as the verdict although apparently erroneous in form was in accordance with antecedent long prevailing practice in the court, it is not surprising that counsel in that case did not take an appeal. That it is now too late to take an appeal in the particular case does not warrant the issuance of the writ of habeas corpus by this court at this time. Goto v. Lane, 265 U.S. 393, 402, 44 S.Ct. 525, 68 L.Ed. 1070. It has been decided time and again that a writ of habeas corpus may not be used as a substitute for an appeal. McNally v. Hill, 293 U.S. 131, and 138, 55 S.Ct. 24, 79 L.Ed. 238; Ex parte Zwillman, 48 F.(2d) 76 (C.C.A.3). And the federal courts are unauthorized to release state prisoners merely because of technical error in the trial of criminal cases in the State Courts. Johnson v. Middlebrooks, 21 F.(2d) 964 (C.C.A.5). In Ashe v. United States ex rel. Valotta, 270 U.S. 424, 46 S.Ct. 333, 334, 70 L.Ed. 662, the Supreme Court, by Mr. Justice Holmes, in a habeas corpus case where the petitioner had been convicted in a state court and alleged an error of that court in trying at one time two indictments for murder and allowing the defendant—the petitioner—only the full number of challenges to which he would have been entitled if one of the cases had been tried separately, said: "There was not the shadow of a ground for interference with this sentence by habeas corpus. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969. Extraordinary cases where there is only the form of a court under the domination of a mob as was alleged to be the fact in Moore v. Dempsey, 261 U.S. 86, 43 S.Ct. 265, 67 L.Ed. 543, offer no analogy to this. In so delicate a matter as interrupting the regular administration of the criminal law of the State by this kind of attack, too much discretion cannot be used, and it must be realized that it can be done only upon definitely and narrowly limited grounds."

For these reasons the writ is hereby denied. The petition and this order denying it will be docketed and filed by the Clerk among the records of the court. And the Clerk is directed to transmit a copy hereof to the petitioner, who will be entitled, if he desires so to do, to appeal to the United States Circuit Court of Appeals for the Fourth Circuit, in accord-

ance with the federal statutes regarding appeals in habeas corpus cases. United States Code, Title 28, sections 463–466, both inclusive (28 U.S.C.A. §§ 463–466).