**Louis BERMAN**

v.

**WARDEN, MARYLAND PENITENTIARY.**

Civ. No. 14585.

United States District Court
D. Maryland.

Nov. 8, 1963.

Stanley Sollins and Rolf A. Quisgard, Jr., Baltimore, Md. (court appointed), for petitioner.

Thomas B. Finan, Atty. Gen. of Maryland, and R. Randolph Victor, Asst. Atty. Gen., Baltimore, Md., for respondent.

THOMSEN, Chief Judge.

This is another petition for habeas corpus in which Louis Berman seeks release from confinement in the Maryland Penitentiary where he was sentenced to life imprisonment by a judgment of the Criminal Court of Baltimore City in 1928, after verdict of a jury finding him "guilty of murder in the first degree".

His defense in that case had been based on insanity. His contention is that the judgment is void because the verdict did not *specifically* find that he was sane at the time of the commission of the crime and at the time of the trial, in accordance with Maryland Code (1924), art. 59, § 6, which, at the time of the trial, provided as follows: "When any person indicted for a crime, offense or misdemeanor shall allege insanity or lunacy in his or her defense, the jury impaneled to try such person shall find by their verdict whether such person was at the time of the commission of the alleged offense or still is insane, lunatic or otherwise." The point presently relied on was not raised at the trial or before commitment, and no appeal was taken from the judgment.

The form of the verdict was in accordance with the established practice which had prevailed in the Criminal Court of Baltimore City for many years prior thereto; but two years later in Price v. State of Maryland, 159 Md. 491, 151 A. 409 (1930), the Court of Appeals (three of seven judges dissenting) held that the statute required the jury in such a case to find separately and specifically on the issue as to insanity and that a judgment based on a verdict merely of "guilty of murder in the first degree" could not properly be entered where the defense was insanity. Three years later the Maryland Legislature amended the law and in effect reestablished the prior practice. See Anno.Code of Maryland, 1957 ed., art. 59, § 7.

Since the decision in the Price case, Berman has presented petitions for habeas corpus to practically every Maryland judge then serving or thereafter appointed. All were denied. He has also presented petitions for habeas corpus to judges of this Court, which were also denied, one in an able and thorough opinion by Judge Chesnut. Ex parte Berman, D.Md., 14 F.Supp. 716 (1936). Berman refrained from appealing to the Court of Appeals of Maryland from any of the adverse decisions by State judges, although a right of appeal existed during part of the period. See Berman v. Warden, Md., 193 A.2d 551, footnote 1 (1963). He also refrained until about a year ago from applying for relief under the Post Conviction Procedure Act, Anno.Code of Maryland, 1957 ed., art. 27, §§ 645A–645J, and appealing to the Court of Appeals of Maryland from the denial of relief thereunder. Thus, this year, for the first time, the Court of Appeals was asked to consider the point which had been decided adversely to Berman by so many individual judges. Brushing aside

all questions of waiver and other procedural bars, the Court of Appeals decided the case on the merits, and affirmed the decision of Judge Oppenheimer denying relief. Berman v. Warden, supra. Speaking through Judge Henderson, a unanimous Court said, Md., 193 A.2d at 553–554:

"The whole basis of Berman's claim for relief rests upon the decision of this Court in Price v. State, 159 Md. 491, 151 A. 409 (1930). That was a four to three decision, in which Judge Pattison did not participate. The majority opinion was written by Judge Parke. The case was sent back for a new trial in which Price was again convicted of murder in the first degree. See Price v. State, 160 Md. 670, 154 A. 556. Chief Judge Bond wrote a dissenting opinion in the first case in which he was joined by Judges Offutt and Digges. Judge Offutt also filed a separate dissent. The holding was that where a defense of insanity was raised, although not pleaded, the jury should have rendered a separate verdict on the issue of insanity, by a proper construction of Code (1924), Art. 59, sec. 6. Chief Judge Bond vigorously disagreed with this construction of the statute, which had been in effect for more than a century with a consistent practice contrary to the holding of the majority. It may be noted that the General Assembly amended the section in 1931 to require a preliminary hearing on insanity, and by Ch. 81, Acts of the Special Session of 1933, reinstated the former practice as an emergency measure. The section, as amended, appears in Code (1957), Art. 59, sec. 7, and provides among other things that if a verdict does not contain a finding on insanity, a finding of sanity is conclusively presumed from the verdict of guilty of the crime charged. Cf. Rose v. State, 177 Md. 577, 582, 10 A.2d 617.

"In the first Price case Judge Parke was faced with the fact that Code (1924), Art. 5, sec. 10, and what was then Rule 4 of the Court of Appeals, provided that this Court should not consider any point not raised below. Not only was no objection taken to the instructions as to the form of the verdict, which a majority of the Court considered erroneous, but the instructions were expressly approved by counsel for Price. Judge Parke might, perhaps, have relied upon the doctrine of plain error, or upon the inherent power of an appellate court to correct an error *ex mero motu*. Instead, he sought to invoke the implied exception that a jurisdictional error may be considered at any stage of a case. He held, or implied, that the alleged error was jurisdictional. In this we do not agree. If we assume, without deciding, that the construction placed upon the statute was permissible and correct, and not cured by a general verdict of guilty in which a finding of sanity would seem to be implicit, we reject and overrule any intimation or holding that the alleged error was jurisdictional. At most, it was a technical error in procedure which did not nullify the judgment of a court of general jurisdiction having complete jurisdiction of the person and subject matter, or render it subject to collateral attack. We are not aware of any decision of the Supreme Court of the United States, or of any federal court, holding that the rendition of a general verdict or the entry of a judgment under such circumstances is a violation of due process. On the contrary, in a characteristically able opinion Judge Chesnut in 1936 held that Berman was not deprived of due process. See Ex parte Berman, D.C. Md., 14 F.Supp. 716.

"As a matter of fact, Judge Parke had also held so in denying Berman's application for a writ of habeas corpus in 1935, in the Circuit Court for Carroll County, No. 796, Misc.Docket. This opinion was quoted in full

by Judge Frank in an addendum to his opinion in Berman's second application to him for a writ of habeas corpus, published in the Daily Record of June 5, 1935. It was also quoted at length by Judge O'Dunne in an opinion denying one of Berman's three applications to him, published in the Daily Record of February 28, 1936. Judge Parke said, in part: 'The relator charges that he was convicted without due process of law, that the Court had no power to pronounce sentence nor to commit him, and that the commitment is illegal. These charges are of no force against the facts shown that he was indicted, tried, convicted, sentenced and committed for a felony by a Court of competent jurisdiction of his person, of his crime, and of the place of its commission and that the sentence imposed was within the power of the Court to inflict.' We agree."

This Court granted Berman a hearing, at which he was permitted to call witnesses and make any statement of fact or law he cared to make. The Court has also considered the oral and written arguments made by his conscientious counsel.

In view of the authoritative construction of the Maryland statute and decisions by the highest Court of the State, it is clear that there is no basis for Berman's claim that he has been denied any federal constitutional right. See also the portions of Judge Chesnut's opinion dealing with that issue, 14 F.Supp. at 718. The cases cited by Berman and his counsel are not sufficiently in point to require discussion.

Petition for writ of habeas corpus is hereby denied and petitioner is hereby remanded to the custody of the respondent.

The Clerk is instructed to mail a copy of this opinion to the petitioner, to counsel for the petitioner and to the Attorney General of Maryland.